EMMA JAMESON, PLAINTIFF IN ERROR, v. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

1. **Criminal Law:** TRIAL. On a trial for felony, the jury, after having been sent out to consider of their verdict, returned into court, announced that they had not been able to agree, and requested to have the testimony of the principal witness for the prosecution read to them from the reporter's notes, which being agreed to in open court by the attorneys on either side, was accordingly done. *Held*, That while the practice would not be encouraged, a conviction would not be reversed for that cause.

2. **The Evidence** examined, and *Held*, To sustain the verdict.

3. **Instructions to Jury.** The instructions complained of considered, and *Held*, That applying the same to the evidence, they contain no reversible error.

ERROR to the district court for Douglas county. Tried below before GROFF, J.

*Parke Godwin,* for plaintiff in error.

*William Leese, Attorney General* (*Edward W. Simeral* with him), for the state.

COBB, J.

This cause is brought to this court on error from the district court of Douglas county.

On May 17, 1887, the attorney for the state filed an information in said court against the plaintiff in error, charging that on April 26, 1887, in said county, she unlawfully and feloniously took, stole, and carried away $60 in money, the property of J. C. Barron, on which charge she was arraigned May 31st following, and pleaded not guilty. There was a trial to a jury, with verdict of guilty, finding the value of the property at $60. A motion for a new trial was overruled on August 20th following, and the prisoner sentenced to the penitentiary, at hard labor, for three years.

The petition in error was filed August 16th last, and alleges the following errors of prosecution in the court below:

1. Irregularity in allowing the jury, after retiring to consider their verdict, to be brought into court, and directing the stenographer to read to the jury his notes of the testimony of the prosecuting witness, in chief, and not his cross-examination, nor other testimony in the case.

2. The verdict is against the evidence, and is contrary to law.

3. Error of law occurring at the trial and duly excepted to.

4. In giving the 7th, 8th, 9th, and 10th paragraphs of instructions by the court on its motion.

5. In giving instruction No. 1, on request of the state.

6. In refusing to give instruction No. 5, asked by defendant.

7. In overruling the motion for a new trial.

As to the first assignment, that the jury, before agreeing upon their verdict, requested the prosecuting witness's

testimony to be read over to them, it is answered that it was permitted by the agreement and consent of the prisoner's counsel, and could not have been deemed prejudicial at the time of the trial. Nor does it appear to have been a second testifying of the witness, without cross-examination, as argued by counsel. No ruling appears, in the authorities cited, to censure the conduct of the jury in this instance, or to disparage this feature of their verdict.

As to the second point, that the verdict is contrary to the evidence, it is to be observed that there was no attempt to impeach the prosecuting witness, or to question his character for truth and veracity at the trial. He was cross-examined with dexterity, and testified consistently, as to the time, place, and circumstances of his possession and loss of sixty dollars, in notes, from his pocket-book, at an assignation of the prisoner. His testimony was corroborated by that of police officers, in important particulars. All the parties present on the occasion of the larceny seem to have been, from their own testimony, under the influence of liquor; and if that fact tended to qualify the moral capacity, or cloud the memory, of the prosecuting witness, as is presumed to be the case, the evidence of it was before the jury to be considered as an element of distrust towards the witness, and of doubt as to the prisoner's guilt. The larceny was from the person, the prisoner, alone, present, the empty pocket-book found where she alone could conceal it, and the evidence has necessarily convicted her. The degrading circumstances of the felony are such that this court does not feel obliged, in order to maintain justice and do equal right, to exhibit the testimony of the trial, and weigh the evidence of the folly and crime of an inebriated citizen and an abandoned prostitute. The proposition seems too remote, from the apparent facts, that the witness might have been robbed several hours earlier, at another place, because the property was not found on the prisoner, several hours later, at the place of arrest.

The property was such as to have been easily concealed or disposed of, in the interval, without discovery. The prisoner was tried in a deliberative court, defended by a skillful advocate, before a jury, her character was notorious, and the jurors, in her case, must have been competent judges of the value of the testimony before them, and of the merits of her defense. It does not appear from the record of the trial that the conviction was not justified by the evidence; nor is this to be classed "as a case wholly circumstantial," as argued by counsel. The testimony of the prosecuting witness is direct as to the larceny, and that of the inmates of the house, and the attendant circumstances, are concurrent with the conclusions against the prisoner. The second assignment is therefore considered unavailing to the plaintiff in error.

The errors of the third and fourth assignments are not specified by counsel, and will not be further considered than to hold that the instructions in paragraphs 7, 8, 9, and 10, by the court, are not deemed erroneous, nor were they prejudicial to either party to the prosecution.

It is objected in the fifth assignment that the court erred in giving instruction No. 1, at request of the state, qualifying the rule requiring the jury to be satisfied beyond a reasonable doubt to warrant a conviction,—that the jury was not required to be satisfied beyond a reasonable doubt of each link in the chain of circumstances relied upon to establish defendant's guilt. It is argued that the instruction may have led the jury to believe that it was not necessary to submit proof of the three "links," the *taking,* the *possession,* and the *value* (of the property), if they were satisfied through suspicion, conjecture, or circumstance, of the guilt of the accused. *Marion v. State,* 16 Neb., 358, *Bradshaw v. State,* 17 Neb., 155, and *Heldt v. State,* 20 Neb., 499, are cited in support of the objection to this instruction.

In neither of the cases cited is this form of instruction

condemned, unless the words "each link" shall have been understood to mean such criminative facts in the evidence, essential to the conclusion, and from which the inference of guilt is to be drawn. If it is understood that the words have reference only to such *evidentiary facts* as strengthen others from which guilt is to be inferred, the form is not objectionable, and may be considered correct. And in the case of *Bradshaw* the court said: "It is not a reasonable doubt of any one proposition or circumstance which entitles to an acquittal, but a reasonable doubt of guilt arising upon the consideration of all the evidence in the case."

Whatever sophism or ambiguity may be charged to the *links in the chain of circumstances* of the first clause of the instruction, is sufficiently explained by the words of the second clause, that "it is sufficient if, taking the testimony altogether, the jury are satisfied beyond a reasonable doubt that the state has proved each material fact charged, and that the defendant is guilty." From this context it is not doubtful that the meaning and construction of the first clause of the instruction is that sanctioned in the case of *Marion*, that the words "each link" had reference only to evidentiary facts which might add force or weight to other facts from which the inference of guilt could be drawn.

The case of *Clair v. The People*, 9 Col., 122, cited by counsel as "wholly circumstantial," in which this form of instruction was ruled against, is not examined as a precedent, for the want of analogy to the present instance.

The sixth assignment is also overruled, for the reason that the instruction No. 5, asked by the prisoner, "that there was no evidence that the money stolen was ever in her possession, or that she knew that the prosecuting witness had such a sum of money," were abstract considerations for the jury alone, without instructions from the court, and should not have been given.

The seventh assignment of error is disposed of by the observation that the sentence of the court below is *affirmed*.

.JUDGMENT AFFIRMED.

THE other judges concur.