CASES DETERMINED

IN THE

# SUPREME COURT OF NEBRASKA

## SEPTEMBER TERM, 1917.

---

JAMES M. WEBB, APPELLEE, v. OMAHA & SOUTHERN IN-
TERURBAN RAILWAY COMPANY, APPELLANT.

FILED OCTOBER 2, 1917. No. 19359.

1. **Carriers:** "RAILROAD COMPANY." A corporation organized under
the general railroad statutes and having the power of eminent do-
main, whose articles of incorporation authorize it to construct
and operate a railway from one city to another for the purpose
of carrying passengers and freight and to perform all the duties
of a common carrier, is a "railroad company," within the mean-
ing of the statute regulating the liability of such companies for
injuries to passengers. Rev. St. 1913, sec. 6052.

2. **Appeal:** INSTRUCTIONS. The giving of erroneous instructions is not
cause for reversal, if the instructions are more favorable to the
complaining party than he ·is entitled to under the law.

3. **Damages:** PERSONAL INJURIES. In an action to recover damages for
personal injuries which are permanent and have impaired the earn-
ing capacity of the plaintiff, damages awarded for pecuniary loss by
reason of his decreased earning power should be based on the
probable expectancy of plaintiff's life immediately before the in-
jury, but damages awarded for future mental and physical suf-
fering should be considered in connection with the probable. ex-
pectancy of plaintiff's life in his injured condition at the time of
the trial.

4. **Trial:** INSTRUCTIONS. Though an instruction may not be so specific
as it should be, if it is not misleading, it is not cause for reversal,
where the complaining party made no request for a more specific
instruction.

APPEAL from the district court for Douglas county:
LEE S. ESTELLE, JUDGE. *Affirmed.*

(596) [101 Neb.

*John L. Webster* and *Emmet Tinley,* for appellant.

*Montgomery, Hall & Young, contra.*

MORRISSEY, C. J.

Plaintiff recovered a judgment for $5,000 for injuries alleged to have been sustained while a passenger on the railway operated by defendant from South Omaha to Fort Crook, and defendant appeals.

On plaintiff's behalf there was evidence tending to show that at midnight, July 4, 1911, he boarded a car at Twenty-fourth and N streets in South Omaha to go to Fort Crook; when he got on the car there were no vacant seats; passengers were standing on the rear platform and in the aisles; some one at the rear of the car called for the passengers to move forward, and plaintiff went forward to the front platform, on which several passengers were standing; two men were sitting on the front platform in the doorway on the right side of the car; plaintiff stood between them holding to the handholds; at Twenty-fourth and W streets the track made a 46-degree curve at the foot of a sharp decline which the car approached at 25 miles an hour; when nearing this point plaintiff felt some one tap his arm and ask for his fare, and he reached into his pocket for his ticket, and as he did so the car gave a sudden jerk throwing him out of the car as it was rounding the curve. Plaintiff's head was injured, and he has been unable to work, and is now subject to epileptic fits. His story of the accident is corroborated in part by several other passengers. On defendant's behalf there was testimony tending to show that the accident occurred near Albright station, a considerable distance south of the curve at which plaintiff fixed the scene of the accident; that plaintiff, who was in the middle of the car, pushed forward, saying, "Let me off;" that when he reached the front platform he stood on the lower step between the two passengers seated in the doorway, and said, "I am going to get off here," and jumped off the car, which was moving at the rate of 8 or 10 miles an hour, and fell on his back.

Defendant contends that the court erred in instructing the jury, and that the preponderance of the evidence supports defendant's theory of the case so strongly that, if properly instructed, the jury would have returned a verdict in its favor. In the petition it was alleged that defendant permitted its car to become overcrowded, and that plaintiff was pushed out upon the front platform, and that defendant caused the car to go around a curve at a dangerous, high and negligent rate of speed, and by so doing caused plaintiff to be thrown from the car. In its answer defendant denied that plaintiff was injured at the place and in the manner alleged in his petition, and charged that plaintiff, "without giving any warning of his intention, suddenly walked through the car to the front platform and recklessly and negligently jumped therefrom." After instructing the jury that it was incumbent on plaintiff to prove the allegations of his petition by a preponderance of the evidence, the trial court instructed the jury that, as to defendant's allegation that plaintiff negligently jumped from a moving car, "the burden of proof is on defendant to prove such negligence by a preponderance of the testimony," and that "if, as to such allegation of negligence, the evidence preponderates in favor of plaintiff, or is evenly balanced, then your finding as to such negligence should be for plaintiff." It is contended that this instruction is erroneous, since it requires defendant to disprove plaintiff's allegation of defendant's negligence. Whether the instruction is erroneous need not be decided, since it was not prejudicial to the rights of defendant.

The statute provides: "Every railroad company shall be liable for all damages inflicted upon the person of passengers while being transported over its road, except in cases where the injury done arises from the criminal negligence of the persons injured, or when the injury complained of shall be the violation of some express rule or regulation of such road actually brought to his or her notice." Rev. St. 1913, sec. 6052.

It has been held that this statute is not applicable to a street railroad company using the streets of a city

without excluding the public use thereof, and which transports "passengers from one part of a thickly populated district to another in a town or city and its suburbs, and for that purpose runs its cars at short intervals, stopping at street crossings or other places irregularly, as the convenience of its patrons may require, for the receipt and discharge of its passengers." *Lincoln Street R. Co. v. McClellan,* 54 Neb. 672. While the defendant company in some respects partakes of the nature of a street railroad company, it appears to be a "railroad company," within the meaning of the statute. It is a corporation organized under the general railroad laws of this state and has the power of eminent domain. Rev. St. 1913, sec. 5940. It operates a railway from South Omaha to Fort Crook. Its articles of incorporation provide that it "may carry upon its line of railroad, passengers, baggage, freight, express and mail matter, with authority to perform all the duties of a common carrier," and may be operated by electric or by any other motive power. Within the meaning of the statute cited, the defendant company is a railroad company. *Diebold v. Kentucky Traction Co.,* 117 Ky. 146, 63 L. R. A. 637; *Anhalt v. Waterloo, C. F. & N. R. Co.,* 166 Ia. 479; *City of Aurora v. Elgin, A. & S. T. Co.,* 227 Ill. 485; *Knopf v. Lake Street E. R. Co.,* 197 Ill. 212; *Harvey v. Aurora & G. R. Co.,* 174 Ill. 295; *Metropolitan W. S. E. R. Co. v. City of Chicago,* 261 Ill. 624.

Defendant also complains of another instruction, and contends that it permits the jury to find that defendant was negligent in operating the car at a high rate of speed, and assumes that defendant was negligent because its car was crowded. For reasons already given, there was no prejudicial error in this instruction.

It is also contended that it was error to admit in evidence tables of expectancy showing plaintiff's probable expectancy of life at the time of the accident, and it is argued that future damages should be based upon plaintiff's physical condition at the time of the trial. In this connection defendant also complains of the instruction stating the measure of damages. The court instructed the

jury that, if they found that plaintiff's injuries were per
manent, and that his ability to work at his usual oc-
cupations had been diminished thereby, "you may take
that fact into consideration in connection with the prob-
able duration of plaintiff's life, or such portion thereof as
he would have been capable of doing such work but for his
injuries, and the amount of money he was capable of earn-
ing, and, if it appear with reasonable certainty, that plain-
tiff will suffer pain in the future on account of such in-
juries, you may also consider that fact." Defendant cites
*Hughes v. Chicago, R. I. & P. R. Co.,* 150 Ia. 232, and
*Howell v. Lansing City E. R. Co.,* 136 Mich. 432, in which
it was held that damages awarded for future mental and
physical suffering must be based on the probable ex-
pectancy of plaintiff in his injured condition at the time
of the trial, and not on his probable expectancy of life
prior to the injury. The tables of expectancy were prop-
erly admitted to aid the jury in determining the pecuniary
loss which plaintiff would sustain by reason of permanent
injuries decreasing his earning power. If his earning
power was lessened because his probable length of life was
shortened by his injuries, he was entitled to damages there-
for. On the question of recovery for future mental and
physical suffering, the instruction, though not so specific
as defendant contends it should be, is not misleading or
inaccurate, and defendant made no request for a more
specific instruction on this feature of the case.

Prejudicial error has not been shown and the judgment
is therefore

AFFIRMED.

SEDGWICK, J., dissenting.

The majority opinion shows that the court instructed
the jury that "the burden of proof is on defendant to prove
(a certain allegation in the pleadings) by a preponderance
of the testimony." The opinion says: "Whether the in-
struction is erroneous need not be decided, since it was not
prejudicial to the rights of defendant." It then discusses
the statute, and concludes that the defendant is a railroad

company, within the meaning of the statute, instead of a traction company, and for that reason the opinion concludes that the court might instruct the jury that the burden of proof upon any issue of negligence is upon the defendant.

The defendant answered by pleading the facts in regard to the manner in which it claims the accident occurred, which facts would constitute a special denial of the plaintiff's allegation in his petition, and would also constitute an allegation of contributory negligence.

It is true that in the case of railroads with the right of eminent domain, etc., the presumption as to negligence and as to contributory negligence is different from the presumption in the case of street car traction companies, under our statute and decisions, but there is no difference as to the burden of proof. The burden is in either case upon the plaintiff to prove the defendant's negligence, and is upon the defendant to prove contributory negligence of the plaintiff.

So fas as this answer and the proof thereunder constitutes a denial of negligence on the part of defendant, the burden of proof would be upon the plaintiff; that is, in establishing negligence of the defendant, the plaintiff has the burden of proof, and this is true when the denial of such negligence is a special denial. This answer alleged that the accident happened at a different place and in a manner altogether inconsistent with defendant's negligence as the cause of the accident. This, of course, is a special denial of negligence of defendant, and did not shift the burden of proof.

It seems to me to be a mistake to say that, because the defendant is a railroad company instead of a street car company, "whether the instruction is erroneous need not be decided, since it was not prejudicial to the rights of defendant."

HAMER, J., dissenting.

This is an action by a passenger to recover damages for alleged negligence upon the part of the defendant railway

company claimed to have resulted in personal injuries to the plaintiff.

As I understand the facts in this case, the plaintiff boarded one of the defendant's cars at Twenty-fourth and N streets in South Omaha, at 12 o'clock at night. He was on the way to Fort Crook. He went through the car and found two men sitting on the platform of the car with their feet out on the steps. He described these men as Fred Jenkins and Grostephan. They were soldiers. The plaintiff was himself a soldier. The plaintiff testified that he had a coupon book in his hand, and that while he was there at the front end of the car he felt a jerk and a lurch of the car. Immediately, according to his own story, he was thrown from the car or fell off. There is strong testimony which tends to show that the plaintiff got ready to get off the car, and then that he did get off. Grostephan appears to have so testified. Ross Collins, who was not a soldier, as Grostephan was, but was merely a passenger on the car testified that Webb said "Let me off here," and that then Webb jumped off. Grostephan described Webb as standing with one foot on the step of the car apparently just ready to get off. Immediately after that he got off. Webb does not deny that he first stood behind Jenkins and Grostephan, and that he then crowded in between them. Mrs. Beckstead testified that the car was moving when the plaintiff got off, and that she saw this man (the plaintiff) rolling in the street. Her testimony was corroborated by the testimony of Wilber Kast, who testified that he saw a man dressed in a soldier's uniform roll toward the pavement. Gus Bachmann also saw the man when he was rolling in the street. These witnesses were passengers, and their evidence tends to show that the plaintiff got off the car voluntarily, or that he carelessly stood at the front end of the car with one foot on the car step and another foot on the platform, and so may have fallen to the ground.

He was a young man and a soldier and his muscles should have been strong and hard. It is difficult to see how he was thrown from the car unless he was himself careless and negligent and refused to support himself by

taking hold of the guard-rail or the corner-post or the handholds. The defendant railway company denies that the plaintiff was thrown from the car at a certain street intersection, and produces testimony tending to show that the plaintiff continued to ride, and that he went a further distance of about 4,000 feet beyond where it is claimed by the plaintiff that he left the car; that the plaintiff then voluntarily stepped off or jumped off while the car was moving. Under the evidence produced on behalf of the defendant, the plaintiff may have accidentally fallen from the car by reason of the fact that it was moving rapidly, and because the plaintiff did not support himself as well as he might have done by holding on to certain supports in the front end of the car. The plaintiff is described as standing with one foot upon the car step and with another on the platform of the car. He does not dispute that he stood in this way. Of course, it is for the jury to determine under proper instructions how the plaintiff left the car. Fred E. Jenkins was a witness on behalf of the plaintiff. He was examined, and in his testimony said that he would not make the statement that Webb did not say he was going to get off "down here a little way." He described the plaintiff as going through the car and as stepping down on the lower step; that Webb left the car with his back in the direction that the car was going. He knew that Webb had one foot on the platform, but was uncertain whether the other foot "was on the upper or lower step."

The fourth instruction given by the court reads: "The defendant alleges that the injuries, if any, to plaintiff were caused by plaintiff's own negligence, and that plaintiff was negligent in that he jumped from a moving car. As to this allegation of negligence, the burden of proof is on defendant to prove such negligence by a preponderance of the testimony. If defendant has so proved, then your verdict should be for the defendant."

It will be seen that in the foregoing instruction the burden of proof is put upon the defendant. This permits the plaintiff to recover without establishing his case. The last sentence in this instruction permits the defendant to

recover only upon condition that the defendant proves the negligence of the plaintiff by a preponderance of the evidence. Under this instruction the jury might be in very much doubt as to whether the plaintiff had done anything to establish the fact that he had exercised the prudence and care of an ordinary person.

That the burden is still upon the defendant is again reiterated in the last clause of instruction No. 5, which reads: "As to defendant's allegation of plaintiff's negligence, if, as to such allegation of negligence, the evidence preponderates in favor of plaintiff, or is evenly balanced, then your finding as to such negligence should be for plaintiff." This in effect tells the jury that they may be uncertain when the evidence is all in as to whether the evidence is on the side of the plaintiff or on the side of the defendant, and that it may be evenly balanced, and that it is the duty of the jury to find for the plaintiff, notwithstanding the fact that the plaintiff has failed to establish his case, and has only succeeded in establishing an even balance.

I contend for the following: (1) An instruction which permits the plaintiff to recover without establishing his case by a preponderance of the evidence is clearly erroneous and so prejudicial that where an instruction of that kind is given the judgment should be set aside. (2) Where the evidence leaves it uncertain as to whether the plaintiff lost his balance and fell from the car when it was moving or voluntarily stepped off the car when it was so moving, the instructions of the court should so define the issues that the jury may understand that they are to find from the evidence whether the plaintiff voluntarily left the car or was thrown from it because of his negligence in standing in an unsafe place. (3) It is improper for the court, where the evidence shows that the plaintiff was probably thrown from the car because of his negligence in standing on the platform and steps when the car was in motion or voluntarily stepped from it, to instruct the jury that the burden of proof was upon the defendant to establish its defense. It is for the court to tell the jury that the burden

of proof remains upon the plaintiff to establish his case by a preponderance of the evidence, and that if he fails to do so he cannot recover. It is misleading to assume in the instructions to the jury that the defendant must prove something which the evidence leaves in doubt. It is the duty of the plaintiff to show over and above all the facts shown by the evidence that he is entitled to recover. (4) If the plaintiff stood out there on the platform at the front end of the car without holding onto such supports as were within his reach, and if one foot was on the car steps while the other was upon the platform, he may have been thrown from the car by reason of his own negligence, or, if there was negligence on the part of the conductor running the car, then the accident was due to contributory negligence; but if the plaintiff voluntarily stepped from the car he exercised his own will, and then the cause of his injury was his own independent act. (5) The district court appears to have erred because he misconceived the distinction between contributory negligence and the plaintiff's independent act of negligence in jumping from the car, and in which act, if it occurred, the defendant did not participate. (6) The district court appears to have treated the act of the plaintiff as contributory negligence if the plaintiff stepped off the car or jumped off it, and this way of treating the plaintiff's act as contributory negligence implied to the jury that the defendant had done something which contributed to the injury which he received, and for which they could render a verdict against the defendant. As there cannot be contributory negligence unless the plaintiff and the defendant each furnished a share of the same, it was clearly error upon the part of the court to tell the jury or to suggest to the jury that the defendant was liable. (7) The court should have instructed the jury that contributory negligence does not exist except in a case where there is evidence which tends to establish the negligence of the defendant, and also evidence which tends to establish co-operation on the part of the plaintiff with the negligent acts of the defendant. If the plaintiff jumped off the car, then such act was a volun-

tary act of negligence upon his part, for which the defendant could not in any way be held responsible. It was not contributory negligence, but plaintiff's voluntary act. The court should have so told the jury. (8) The prejudicial error in this case is that the court neglected and refused to submit to the jury the theory of the defendant's case. The jury should have been told that, if the defendant voluntarily got off the car when it was running and so got hurt, then he could not recover; or that, if he stepped off and did so in a negligent manner when the car was running, then he could not recover. (9) The court erred because he failed to tell the jury in any way that, if the plaintiff's injuries were the result of his own independent act, then the defendant was not liable, and that the plaintiff was responsible for the injuries which he brought upon himself. (10) There is a difference between contributory negligence and a case where the injury is the result of the plaintiff's own act, pure and simple. There can be no illustration plainer than this case itself. If the plaintiff stepped off the car when it was in motion or jumped off it, then his injury is due to the fact that he did so.

If the plaintiff by his own independent voluntary action jumped off the car or stepped from the car when it was in motion, that is the end of his case, although it does not follow that there was any contributory negligence upon the part of the defendant, but the defendant is not liable for the injury which the plaintiff brought upon himself. The district court made a distinction between the voluntary act of the plaintiff in leaving the car while it was in motion and the act of sitting or standing at the front end of the car with one foot on the platform and the other foot on one of the steps of the car. The trial court seems to have overlooked the wide difference that there is between contributory negligence and that of voluntary action upon the part of the plaintiff, which does not need any contributory negligence upon the part of the defendant to bring about an injury. The idea of the trial court as it has found expression in the instructions is that in any event the defendant is guilty of something: Perhaps, first,

that it permitted the car to be filled up; perhaps, second, that it ran the car too rapidly; perhaps, third, that there were rough places in the track. In any event no one may read these instructions without coming to the conclusion that the trial judge was unfortunate in the language used and could not have used such language without prejudicing the defendant.

If the rule contended for by the trial court is adopted by this court, and it seems to have been adopted in the majority opinion, then it will be seen that no statement concerning the facts of the accident may be given by a defendant in a personal injury case hereafter to be tried, and that in each case the only safe thing to do upon the part of the defense is to file a general denial. The rule of law which places the burden of proof upon the defendant to prove contributory negligence is distinguished from an act of independent negligence upon the part of the plaintiff by which the injury is brought upon himself. *Cincinnati Traction Co. v. Forrest,* 73 Ohio St. 1; *Cincinnati Traction Co. v. Stephens, Adm'r,* 75 Ohio St. 171.

In *McCarthy & Baldwin v. Louisville & N. R. Co.,* 102 Ala. 193, 48 Am. St. Rep. 29, it is said: "Contributory negligence exists only when the negligence of both parties has combined and concurred in producing the injury."

In *Cooper v. Georgia, C. & N. R. Co.,* 56 S. Car. 91, the court defined contributory negligence, following 7 Am. & Eng. Ency. of Law (2d ed.) p. 371: " 'Contributory negligence is a want of ordinary care upon the part of a person injured by the actionable negligence of another, combining and concurring with that negligence, and contributing to the injury as a proximate cause thereof, without which the injury would not have occurred.' It is thus seen that contributory negligence by a plaintiff can never exist except when the injury has resulted from the negligence of defendant as a concurring proximate cause."

In *Louisville & N. R. Co. v. Sights,* 121 Ky. 203, the court defined contributory negligence as follows: "Contributory negligence on the part of the plaintiff necessarily assumes negligence upon the part of the defendant."

In *Birsch v. Citizens Electric Co.*, 36 Mont.. 574, the court said: "Contributory negligence on the part of plaintiff presupposes negligence on the part of the defendant. Beach, Contributory Negligence (2d ed.) sec. 64; *Wastl v. Montana Union R. Co.*, 24 Mont. 159; * * * *Moakler v. Willamette Valley R. Co.*, 18 Or. 189, 6 L. R. A. 656, 17 Am. St. Rep. 717; *Montgomery Gas-Light Co. v. Montgomery & E. R. Co.*, 86 Ala. 372. In *Washington v. Baltimore & O. R. Co.*, 17 W. Va. 190, it is said: 'Properly speaking, contributory negligence, as the very words import, arises when the plaintiff as well as the defendant has done some act negligently, or has omitted through negligence to do some act, which it was their respective duty to do, and the combined negligence of the two parties has directly produced the injury.' It goes without saying, then, that an answer which denies any negligence on the part of the defendant, and alleges that the injury resulted wholly from plaintiff's negligence, does not plead contributory negligence."

The foregoing decisions sustain the proposition that it was error for the trial court to instruct the jury that the burden of proof was on the defendant to establish by a preponderance of the evidence that the plaintiff jumped from a moving car. Also, it was erroneous to instruct the jury that, if the evidence was evenly balanced on that point, then the verdict should be for the plaintiff.