ELVA REMMENGA, APPELLEE, v. VIRGIL SELK, APPELLANT.

42 N. W. 2d 186

Filed April 6, 1950. No. 32693.

*Davis, Stubbs & Healey,* and *V. H. Halligan,* for appellant.

*George B. Dent, Jr.,* and *Beatty, Clarke, Murphy & Morgan,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an action for damages for personal injuries sustained in an automobile accident alleged to have been caused by the negligence of the defendant. The jury returned a verdict for the plaintiff for $10,000 and judgment was entered thereon. The defendant appeals.

The case was previously before this court. Remmenga v. Selk, 150 Neb. 401, 34 N. W. 2d 757. A detailed statement of the facts in the case can be found in the former opinion.

The action as originally instituted was based on two

causes of action. The first was based on the personal injuries the plaintiff suffered in the accident. The second was based on the assigned claim of her husband, James Remmenga, for medical, hospital, nursing, household, and traveling expenses incurred for plaintiff as a result of the accident. Both causes were submitted to a jury and a verdict was returned for defendant. The trial court sustained a motion for a new trial as to the first cause of action and overruled it as to the second. On appeal to this court the order granting a new trial on the first cause of action was sustained and the order denying a new trial on the second cause of action was reversed. After remand to the district court, plaintiff dismissed her second cause of action without prejudice. The case was thereupon tried upon the issues raised by the first cause of action with the result hereinbefore stated. This appeal is from the verdict and judgment rendered on the first cause of action.

The defendant asserts that the trial court erred in four respects and has assigned such alleged errors on this appeal. They are in substance as follows: (1) That the trial court erred in giving an instruction which did not limit damages for permanent injuries to damages which are reasonably certain; (2) that the trial court erred in setting forth plaintiff's petition verbatim in the instructions, including allegations of negligence not supported by evidence; (3) that the trial court erred in instructing the jury that, although defendant's attorney had informed the jury that he would prove contributory negligence on the part of the plaintiff, he was unable to prove it; and (4) that the verdict is excessive.

With reference to the first assignment the record shows that the trial court instructed the jury "that Plaintiff's measure of damages for any personal injuries she may have sustained is such a sum as will fully and fairly compensate her for the damages thus sustained, * * *. In considering the damages thus sustained, you may take into consideration the extent and character of

said injuries, Plaintiff's physical pain and suffering, whether said injuries are permanent or not, and any other evidence in the case bearing upon the question of Plaintiff's injuries."

It is the contention of defendant that the use of the words "may have sustained," used in the fore part of the instruction, have application to the whole instruction and authorize the jury to allow uncertain, speculative, or probable future damages. We do not think the quoted words are subject to any such interpretation. The words are of common usage and in the manner used mean that plaintiff is entitled to recover compensation for any personal injury already sustained which was the result of defendant's negligence. There is nothing in the instructions given which authorizes a recovery for future pain and suffering or any physical disabilities that may result in the future. The instructions authorize a recovery only for disabilities already sustained. Under such circumstances we cannot say that the instruction given contains prejudicial error.

This question has been directly passed upon by this court in Henry v. Omaha Packing Co., 81 Neb. 237, 115 N. W. 777, wherein it was said: "The defendant complains of the use of the word 'may' in the following taken from one of the instructions given by the court on its own motion: 'If the plaintiff has established these facts by a preponderance of the evidence, then the plaintiff would be entitled to recover such damages as she may have received by reason of the injuries complained of, not exceeding the sum of $2,000.' A charge which allows damages for the pain and suffering which plaintiff may endure hereafter is erroneous, as allowing the jury to go into the field of mere probability. Nixon v. Omaha & C. B. Street R. Co., 79 Neb. 550. Used concerning a past transaction, the word is not capable of such a construction. To speak of such suffering as one may endure in the future is to introduce into the estimate an element of conjecture and uncertainty which is not at all involved

in speaking of the damages one may have sustained in the past. The amount of the latter cannot, under any construction of the language used, exceed the damage which has actually been sustained. The trial judge, not being permitted to assume that the plaintiff had suffered any damage, used the word 'may' to express the possibility of the existence of such damages, which were limited by the amount that she had already experienced, and therefore no element of probability was included. We think the rule laid down in Nixon v. Omaha & C. B. Street R. Co., has no application to the case at bar, and there was no error in the use of the word 'may' in the instruction complained of."

In Ballard v. Kansas City, 110 Mo. App. 391, 86 S. W. 479, the court in dealing with this same question said: "So far as this criticism is applied to the issue of permanent injury, it is without merit. 'May have suffered' is a form of the verb 'to suffer,' descriptive of completed action, and, so far as tense is concerned, is the equivalent of the past tense, indicative mode, 'has suffered.' This latter form of the verb may be substituted for that used without change of meaning. As permanency is a fact existing in the present, the result of completed action, and independent of future happening or contingency for its continuation, it is apparent no speculative future event could be considered by the jury under the form of expression employed. A present fact was dealt with, and the jury was restricted to the consideration of present conditions." See, also, City of South Omaha v. Sutliffe, 72 Neb. 746, 101 N. W. 997.

We hold that the instruction does not authorize the jury to consider future damages, and consequently the necessity for an instruction to the effect that only such future damages could be considered as were proved with reasonable certainty did not exist.

Defendant contends that the trial court erred in copying plaintiff's petition into the instructions and allegedly including allegations upon which no evidence was

adduced. While this court has frequently criticized the practice of copying pleadings into the instructions as a method of stating the issues to the jury, such practice does not constitute reversible error unless it has resulted in prejudice to the complaining party. The criticism is based primarily on the danger of including allegations of negligence upon which no evidence has been offered. It is fundamental, of course, that it is reversible error to submit issues to a jury upon which no evidence has been offered. Where pleadings, though voluminous, are copied into the instructions as a statement of the issues to be determined, no error can be predicated thereon if there is evidence to sustain all the pertinent allegations included therein and prejudice to the complaining party does not otherwise appear. Franks v. Jirdon, 146 Neb. 585, 20 N. W. 2d 597; Allen v. Clark, 148 Neb. 627, 28 N. W. 2d 439.

The court correctly instructed the jury that the only question to be determined is whether plaintiff sustained the injuries complained of at the time and place alleged, the extent of said injuries, and the amount of recovery therefor. This for the reason that it was determined by our former opinion and judgment in this case that defendant was guilty of negligence and that there was no evidence of contributory negligence on the part of the plaintiff. The evidence at the second trial being no different than at the former one, there was nothing remaining to be determined other than the amount of plaintiff's recovery. This was made clear to the jury. Consequently, it cannot be said that the inclusion of allegations of negligence in the instructions which find no support in the evidence could result in prejudice to the defendant. They were wholly immaterial to the issue which the jury was to determine. City of Omaha v. Bowman, 63 Neb. 333, 88 N. W. 521.

It is urged that it was error for the trial court to include in the statement of the issues the amount for which plaintiff brings suit. While the better practice

is to state to the jury in suitable words that plaintiff sues for an amount sufficient to compensate him for the loss sustained, it is not ordinarily prejudicial error for the trial court to state the amount for which the action is brought. Tate v. Barry, 144 Neb. 517, 13 N. W. 2d 879.

Defendant contends that the trial court disparaged the efforts of counsel by informing the jury in the instructions that he had been unable to prove certain assertions made in his opening statement. The purport of the instruction was correct and, though not couched in the most appropriate language, we fail to see where it was disparaging to or contemptous of the efforts of defense counsel. It is often necessary that remarks of counsel made in an opening statement on matters not relevant to the issues be removed from the possible consideration of the jury by a curative instruction to disregard them. While the better practice is to make such instructions as impersonal as possible, we cannot say that the use of the name of one of defense counsel therein is prejudicially erroneous.

Defendant contends that the verdict for $10,000 was excessive. In this respect the evidence shows that plaintiff was a housewife and mother of the age of 38 years. She received a terrific blow to the face which left her scarred, disfigured, and in appearance much more aged than one of 38 years. The evidence shows that she lost all of her teeth, her gums, and part of the jawbone. The fractured fragments at the hinge on the left side of the jaw healed in such a manner as to lock the left jaw. The joint was destroyed and immobilized so that there will never be any articulation of the joint. The evidence also shows that plaintiff has had five sets of false teeth in an attempt to improve her appearance and give support to her jaw. She has been unable to use any of them because of the pain they induce. When she takes them out, the lower jaw sags and causes great and continuous pain in the locked hinge joint. The result is that plaintiff is limited to the use of soft foods as she is unable to bite or chew any other type of food.

The evidence shows that plaintiff has a permanent scar on her jaw and a disfiguring depression of the lower part of the lower jaw resulting from infection and a consequent sloughing away of the bone. She is nervous and irritable. Her black hair has turned gray. She suffered injuries to the back of her neck and back, the pain from which extended into her lower limbs. Her entire personality, appearance, and health have changed completely as a result of the accident. The injuries are permanent, with little hope of much improvement. The jury saw the plaintiff on the witness stand and had the opportunity to see the outward effects of the accident. That plaintiff suffered much pain is very evident from the evidence.

The defendant offered no evidence to contradict the foregoing evidence as to the nature and extent of plaintiff's injuries. We think it is sufficient to sustain the verdict of the jury under controlling rules of law. The applicable rule is stated in Dailey v. Sovereign Camp, W. O. W., 106 Neb. 767, 184 N. W. 920, as follows: "There is no fixed or exact rule known or recognized in our system of jurisprudence in which the same measure of damages for personal injury may be applied to all cases alike. As has often been said, much is left to the good sense and reason of the man in the jury box. Fishleigh v. Detroit United Ry., 205 Mich. 145; Southern R. Co. v. Bennett, 233 U. S. 80. The law gives to the jury the right to determine the amount of recovery in cases of personal injury. That is, of course, one of its functions, and, if the verdict is not so disproportionate to the injury as to disclose prejudice and passion, it will not be disturbed."

In Sutton v. Inland Construction Co., 144 Neb. 721, 14 N. W. 2d 387, we said: "No method of exact computation can be devised in determining compensatory damages in cases of this kind. We think the evidence was such that the jury could properly arrive at the amount determined upon by them. We can find no

yardstick whereby we can say as a matter of law that the verdict was excessive. Under such circumstances this court may not substitute its judgment for that of the jury, even if it be assumed that this court would determine that a lesser amount would constitute adequate compensation for the injuries sustained." See, also, Horky v. Schroll, 148 Neb. 96, 26 N. W. 2d 396; Rueger v. Hawks, 150 Neb. 834, 36 N. W. 2d 236; Thoren v. Myers, 151 Neb. 453, 37 N. W. 2d 725.

In an action for damages, where the law furnishes no legal rule for measuring them, the amount to be awarded rests largely in the sound discretion of the jury, and the courts are reluctant to interfere with a verdict so rendered. A verdict may be set aside as excessive only when it is so clearly exorbitant as to indicate that it was the result of passion, prejudice, or mistake, or that it is clear that the jury disregarded the evidence or controlling rules of law. The verdict of the jury under these rules is amply sustained by the evidence. The judgment is affirmed.

AFFIRMED.