BARBARA SHIERS, THROUGH AND BY HER MOTHER AND NEXT FRIEND, IRENE SHIERS, APPELLEE, v. THEODORE T. COWGILL ET AL., APPELLANTS.

59 N. W. 2d 407

Filed June 26, 1953. No. 33322.

*Everett L. Randall* and *W. A. Stewart,* for appellants.

*Ward W. Minor* and *Smith Brothers,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

This action was brought in the district court for Dawson County by Barbara Shiers, a minor, by and through her mother and next friend, Irene Shiers, against Theodore T. Cowgill and Maud Bryan. The nature of the action is tort based on alleged negligent conduct of defendant Maud Bryan while driving a truck owned by defendant Theodore T. Cowgill. The primary purpose of the action is to recover damages for injuries she suffered arising out of an accident which she alleges occurred as a result of such conduct. Plaintiff recovered a verdict of $10,000 on which judgment was entered. Defendants filed an alternative motion asking for either a judgment notwithstanding the verdict or for a new trial. It is from the overruling of this motion that this appeal was perfected by the defendants.

It is either admitted by the pleadings or conclusively established by the evidence adduced that an accident occurred on July 2, 1951, between 9 and 9:15 p. m. on the paved surface of U. S. Highway No. 30 at a point about 2.4

miles east of the east city limits of Overton, Nebraska, between a new 2-ton G.M.C. truck equipped with stock rack and a 1949 4-door Packard sedan; that the truck was, at the time of the accident, being driven west on U. S. Highway No. 30 by appellant Bryan, an employee of appellant Cowgill, the owner thereof; that she was driving it with his consent and at his direction; that the Packard sedan was, at the time of the accident, being driven east on U. S. Highway No. 30 by Mary Kerwood, one of the owners thereof; and that appellee, then a minor of the age of 8 years, was riding as a guest in the back seat of the car.

Appellants contend the verdict of the jury is not sustained by the evidence. This is based on the theory that the undisputed physical facts demonstrate that the collision could not have happened in the manner testified to by appellee's witnesses.

We have said: "Where the undisputed physical facts demonstrate that defendant was not negligent in the operation of his automobile at the time of a collision, the evidence is not sufficient to support a verdict for plaintiff. If the evidence essential to a recovery by plaintiff is clearly disproved by the physical facts and conditions, the trial court should direct a verdict against him." Hessler v. Bellamy, 128 Neb. 571, 259 N. W. 514. See, also, Moore v. Krejci, 139 Neb. 562, 297 N. W. 913; Jones v. Union P. R. R. Co., 141 Neb. 112, 2 N. W. 2d 624.

Appellee produced as witnesses the three persons who were, at the time of the accident, riding in the front seat of the Packard. They are Mary Kerwood, the driver, Irene Shiers, the mother of plaintiff, and Harry Peters, the father of Mrs. Shiers. They all testified that as Mrs. Kerwood approached the place of the accident she was driving her car on the south or right-hand side of the paved surface thereof; that as she saw the lights of the truck approach she drove as near the south edge of the paved surface as it was reasonably possible to do with safety; that as the truck approached

them from the east, at a point about 50 feet away, it crossed the center line marked on the. paved surface of the highway and continued on into the south lane for traffic; and that as it continued in that direction it ran into the Packard car, striking it on the left side at about the point of the left-front door post. The physical damages to the car and truck fully support this theory of how the accident happened for the pictures of the car show it was hit on the left side at about the point of the left-front door post while the evidence as to the damage to the truck shows it was damaged at the left front. The damage to the left front of the truck consisted of a bent bumper, a damaged headlight and fender, a bent axle and tie rods, a bent wheel, and a flat tire.

On the other hand appellant Bryan, who was driving the truck, says she saw the right-front wheel of the car go off onto the wet and soft south shoulder of the highway at a point when the car was some 350 feet down the highway; that this caused the rear of the car to skid toward the center of the highway, which was wet and slippery from a heavy rain which had just ceased; that the car got back on the highway and did not right itself completely; that as this was occurring she drove the truck as far to the right as possible, getting over onto the north shoulder with the right wheels thereof; that after the car got back on the paved surface it came diagonally across the paved highway and ran directly into the truck which was then only about 12 to 18 inches on the paved surface, the balance being over on the shoulder. This theory of the accident is not supported by the physical condition of the car for there is no damage to the front end thereof, which there would have to be if it ran directly into the truck.

There are two significant facts relating to the accident. One is that both car and truck, after the accident, came to a stop north of the paved portion of the highway. The other relates to the evidence of the

safety patrolman as to where he found debris on the highway when he arrived at the place of the accident and made an investigation thereof. This he did about 10 p. m. While these facts are significant we do not think they are absolutely controlling.

As stated in Jones v. Union P. R. R. Co., *supra*: "Physical facts may not be accepted as a matter of law or as ground for refusal to submit a case to a jury as against the testimony of witnesses on a controverted question of fact, unless they are demonstrable to a degree that reasonable minds cannot disagree as to their existence, and unless the results flowing therefrom are demonstrable to the same degree agreeable to the known and immutable laws of physics, mechanics or mathematics. If they fall short of this test, then they are to be considered by the jury along with all the other facts and circumstances proved."

And in Moore v. Krejci, *supra*: "* * * where there is a reasonable dispute as to what the physical facts show, the conclusions to be drawn therefrom are for the jury. The credibility of the witnesses and the weight to be given their testimony are solely for the consideration of the jury."

Also in Rueger v. Hawks, 150 Neb. 834, 36 N. W. 2d 236: "It is the rule in this jurisdiction that physical fact may not be accepted as a matter of law or as ground for refusal to submit a case to a jury as against the testimony of witnesses on a controverted fact question, unless they are demonstrable to a degree that reasonable minds cannot disagree concerning their existence, and unless the results flowing therefrom are demonstrable to the same degree agreeable to the known and immutable laws of physics, mechanics, or mathematics."

We are unable to say that reasonable minds could not draw different conclusions as to the proximate cause of this accident. In view thereof we find the issue one for

determination by a jury. The trial court did not err in submitting it.

It is next contended the trial court erred in failing to include in its instruction No. 2, which related to appellant's answer, the fact that it included a general denial. In this respect the answer contains the following language: "COME NOW the defendants and for their answer to the petition of the plaintiff herein deny each and every allegation of the plaintiff's petition not hereinafter specifically admitted * * *."

"It is the duty of the trial judge to instruct the jury upon the law of the case, whether requested by counsel to do so or not, and where the judge has failed to instruct the jury, and it is apparent from the record that the jury probably took a wrong view of the law, a new trial will be awarded." York Park Bldg. Assn. v. Barnes, 39 Neb. 834, 58 N. W. 440.

" 'When, in consequence of a misstatement of the pleadings, an instruction has a tendency to confuse or mislead the jury, it is good ground for a new trial.' Howell and Gibson v. Sewing Machine Co., 12 Neb. 177, 10 N. W. 700." Diehm v. Dargaczewski, 135 Neb. 251, 280 N. W. 898.

In its instruction No. 2 the court advised the jury, in part, as follows:

"Defendants further allege that Mary Kerwood unlawfully drove said Packard sedan into the lane of traffic of Maud Bryan, Defendant and into the vehicle belonging to the Defendant Theodore T. Cowgill.

"3. Defendants allege that Mary Kerwood was negligent in the following respects: * * *

"(d) That said Mary Kerwood was careless and negligent in driving said automobile on these Defendants' side of the road at and immediately prior to said accident.

"(e) That the said Mary Kerwood carelessly and negligently failed to keep her car on the right side of the road upon meeting these Defendants' vehicle.

"(f) That the said Mary Kerwood suddenly and

without warning drove her vehicle into the Defendant Maud Bryan's side of the road at an excessive rate of speed, considering then the existing conditions of the highway and the traffic thereon.

"4. The Defendants allege that any damages or any injuries suffered by the Plaintiff was the direct and proximate result of the negligence of Mary Kerwood as above set forth."

In its instruction No. 9 the court advised the jury, in part, as follows: "The Jury are instructed that the Defendants in their Answer allege that the proximate cause of said injury of the Plaintiff, Barbara Shiers, was the negligence of Mary Kerwood."

" 'Instructions given to a jury must be construed together, and if, when considered as a whole, they properly state the law, it is sufficient.' Clausen v. Johnson, 124 Neb. 280, 246 N. W. 458." Suhr v. Lindell, 133 Neb. 856, 277 N. W. 381.

"Instructions must be considered and construed together, and if they are not sufficiently specific in some respects, it is the duty of counsel to offer requests for instructions that will supply the omission, and, unless this is done, the judgment will not ordinarily be reversed for such defects." Plumb v. Burnham, 151 Neb. 129, 36 N. W. 2d 612.

While it would have been desirable for the trial court to have informed the jury that appellants had denied all of the allegations of appellee's petition, except such as were set forth as admitted, we do not think appellants were prejudicially affected by its failure to do so. A reading of all the instructions, particularly Nos. 2 and 9, leaves no doubt that the jury fully understood that appellants denied appellee's contention that appellant Bryan drove the truck across the center line of the highway and into the car and that appellants claimed Mary Kerwood drove her car across the center line and into the truck and that this conduct on the part of Mary Kerwood was the proximate cause of the accident.

We find the contention to be without merit.

Appellants contend the court erred in submitting the issue of contributory negligence as it relates to the conduct of Mary Kerwood, the driver of the car in which plaintiff was admittedly riding as a guest.

"Ordinarily, contributory negligence is a question for the jury; but, where there is no basis in the evidence for a finding of contributory negligence, it is error to instruct on the subject and thereby to submit to the jury an issue which is outside the evidence." Hartford Fire Ins. Co. v. County of Red Willow, 149 Neb. 10, 30 N. W. 2d 51. See, also, Bay v. Robertson, 156 Neb. 498, 56 N. W. 2d 731.

There is no question of doubt that, under the situation here presented, Mary Kerwood's conduct could not be imputed to appellee and this issue should not have been submitted.

But, as stated in Webb v. Omaha & S. I. Ry. Co., 101 Neb. 596, 164 N. W. 564: "The giving of erroneous instructions is not cause for reversal, if the instructions are more favorable to the complaining party than he is entitled to under the law."

And in Holley v. Omaha & C. B. St. Ry. Co., 110 Neb. 541, 193 N. W. 710, we said: "Erroneous instructions to the jury will not work a reversal of a case unless they are prejudicial to the complaining party."

The only possible prejudicial effect that the erroneous submitting of this issue could have had would have been for the jury to either deny or diminish appellee's recovery. Certainly appellants are not in a position to complain of that advantage.

Appellants contend the court erred in giving instruction No. 9 in the form that it did. Instruction No. 9 is as follows:

"The Jury are instructed that the Defendants in their Answer allege that the proximate cause of said injury of the Plaintiff, Barbara Shiers, was the negligence of Mary Kerwood. The Defendants, having affirmatively

alleged this fact in their Answer, the burden is upon them to establish the same by a preponderance of the evidence.

"If you find, from all the evidence in this case, that it has been established by a preponderance of the evidence, that the *proximate cause* of Barbara Shiers' injuries was the negligence of Mary Kerwood, then your verdict should be for the defendants." (Emphasis ours.)

This contention is based on the fact that the court failed to place the word "sole" before the words "proximate cause" appearing in this instruction and which we have italicized to indicate.

We said in Bergendahl v. Rabeler, 133 Neb. 699, 276 N. W. 673: "Where the negligence of the driver of an automobile in which plaintiff is riding as a passenger is the sole proximate cause of a collision in which plaintiff is injured, plaintiff cannot recover from a third person for such injury."

However: "More proof and a greater burden of evidence is required to prove that an alleged act of negligence is a sole cause than merely showing it to be either a proximate cause or the proximate cause. 30 Tex. Jur. 694, § 42." Carter v. Ferris (Tex. Civ. App.) 93 S. W. 2d 504.

If there is any error because of the court's failure to properly use the words "sole proximate cause" in place of "proximate cause" in its instruction No. 9, it is certainly favorable to appellants for their burden under this issue was thereby appreciably lessened.

As already quoted from Webb v. Omaha & S. I. Ry. Co., *supra:* "The giving of erroneous instructions is not cause for reversal, if the instructions are more favorable to the complaining party than he is entitled to under the law."

Appellants claim the court erred when it gave instruction No. 14. This instruction was given in response to the following request made by the foreman of the

jury: "Could we have the testimony of the Safety Patrolman?"

Instruction No. 14 is as follows:

"You have sent a written request to the Court for the testimony of the safety patrolman who testified in this case.

"You are instructed that under the law the Court has no right or authority to give you this testimony."

Section 25-1116, R. R. S. 1943, as far as here material, is as follows: "After the jury have retired for deliberation, if there be a disagreement between them as to any part of the testimony, * * * they may request the officer to conduct them to the court where * * * the court may give its recollection as to the testimony on the point in dispute in the presence of or after notice to the parties or their counsel."

It is self-apparent from this statute that the court was in error as to its right or authority to give the jury this testimony. The statute clearly provides it may give them its recollection in regard thereto. This discretion has been construed to include the reading of the testimony by the court reporter.

As stated in Darner v. Daggett, 35 Neb. 695, 53 N. W. 608: "The reading by the official reporter of the testimony of a witness examined on the trial is certainly within the spirit if not within the letter of the statute. The stenographic reporter's notes of the testimony are liable to be more accurate than the judge's recollection of what was testified to."

However, in regard to doing so this same opinion, in referring to Jameson v. State, 25 Neb. 185, 41 N. W. 138, said: "Again, as was said by this court in Jameson v. State, 25 Neb., 185, while the practice of allowing an official stenographer to read to the jury his notes of the testimony of a witness, upon the request of the jury, should not be encouraged, a judgment will not be reversed for that cause."

In Bonawitz v. De Kalb, 2 Neb. (Unoff.) 534, 89 N. W.

379, under a similar situation, it was said: "This request appears to have been declined. The action of the trial court in recalling a jury and giving it further instructions after it has once retired for deliberation lies in the sound discretion of the trial judge; and unless the record discloses a manifest abuse of this discretion in this matter such action will not be reviewed by this court. Here the request was one for information on the testimony introduced, and while it is permissible for the court, after a jury has been sent out to deliberate on its verdict, to recall it and give his recollection of testimony in dispute, this practice has never been looked upon with great favor by this court. Jameson v. State, 25 Neb., 185; Darner v. Daggett, 35 Neb., 695; McClary v. Stull, 44 Neb., 175; Bartell v. State, 40 Neb., 233."

It was a matter within the discretion of the trial court. The trial was short, lasting only 2 days; the witness whose testimony was desired was, for all practical purposes, the last to testify; and his testimony was neither long nor complicated. In view of our previous holdings on this subject we do not think, under the situation here presented, that the trial court so abused its discretion as to require a reversal although it gave a wrong reason for so doing.

Finally appellants contend the verdict is excessive and given under the influence of passion and prejudice.

The rule in this regard is: "The district court is vested with the power to set aside a verdict if, from the evidence adduced, it appears that the verdict is so exorbitant and excessive as to indicate that it was the result of passion, prejudice, mistake, or some means not apparent in the record, or it is clear that the jury disregarded the evidence or rules of law." Dunn v. Safeway Cabs, Inc., 156 Neb. 554, 57 N. W. 2d 75. We, of course, have the same power on appeal.

Before overruling appellants' alternative motion for either a judgment notwithstanding the verdict or for a new trial the court stated: "* * * the verdict is excessive

and that there must have been contributory negligence in the case and that the verdict should be reduced in the amount of $2500.00 and remittur therefor made by the Plaintiff." It thereupon overruled the motion and ordered: "* * * that the verdict should be reduced by $2500.00 and remittur in that amount be made by the Plaintiff." In consequence of this reduction, judgment was entered in favor of appellee for $7,500, interest, and costs. Appellee has cross-appealed from the order reducing the verdict and we will consider the cross-appeal in connection with the contention made by the appellants that the verdict is excessive.

The trial court was clearly wrong when it considered the matter of contributory negligence in ordering this reduction.

We said in Remmenga v. Selk, 152 Neb. 625, 42 N. W. 2d 186: "In an action for damages, where the law furnishes no legal rule for measuring them, the amount to be awarded rests largely in the sound discretion of the jury and courts are reluctant to interfere with a verdict so rendered."

And in Banta v. McChesney, 127 Neb. 764, 257 N. W. 68, we said: "Where the verdict returned in an action for personal injuries is challenged on appeal solely because excessive, it will not be disturbed by the reviewing court, unless it can say as a matter of law that, upon consideration of all the evidence, the amount of such verdict is excessive."

Also in Plumb v. Burnham, *supra,* we held: "A verdict may be set aside as excessive by the trial court or on appeal only when it is so clearly exorbitant as to indicate that it was the result of passion, prejudice, mistake, or some means not apparent in the record, or it is clear that the jury disregarded the evidence or rules of law."

The record is entirely devoid of any indication that the verdict was the result of passion, prejudice, mistake, or that the jury disregarded rules of law. The

only question is one of whether or not it is clearly excessive or exorbitant in view of the extent of the injuries which the evidence shows the appellee suffered.

Prior to the accident appellee appears to have been a normal 8-year-old child. The immediate effect of the accident was to cause her to become unconscious as a result of severe bruises in the area of her left eye. Immediately following the accident she was taken to a hospital at Lexington, Nebraska. She arrived there in an unconscious condition and the doctor diagnosed her condition as a skull fracture, brain concussion, and contusion of the left eye. She was also bleeding from the nose, which blood was much diluted with what the doctor diagnosed as spinal fluid coming from within the skull. Her condition improved and by Thursday, July 5, 1951, she had regained consciousness. She was then taken by ambulance to a hospital at Kearney where she stayed until July 15, 1951, when she returned to her home, although thereafter she continued to need medical care.

At the time of trial, which was held on September 24 and 25, 1952, she had the following conditions which the evidence shows resulted from the accident: That, for all practical purposes, she had permanently lost the vision of the left eye, having therein only a slight vision of light; that she has frequent and often severe eye and head aches which extend over varying lengths of time; that she has a noticeable scar just outside her brow line; that the left eye is tending to turn outward, or to the left, which will require surgery to correct; that there is some drooping of the left eyelid which, if for appearance's sake it is desirable to have corrected, will require surgery; and there is still a bump on her head but what effect it may have is not shown.

The evidence shows appellee was seriously and permanently injured in a way that will affect and handicap her in all the days of her life in addition to the suffering which she necessarily went through. It would serve

no useful purpose to cite comparable cases for what is proper in any case must necessarily depend upon the facts thereof. Cases are cited by appellee in which greater amounts have been affirmed on appeal for what seems comparable injuries. We find, under all of the facts, that the verdict of $10,000 is not excessive and that the reduction made by the trial court should be restored.

We therefore reverse the action of the trial court in reducing the verdict from $10,000 to $7,500 but in all other respects its actions are sustained. We therefore remand the cause to the trial court with directions to enter judgment on the verdict in accordance herewith. All costs are taxed to appellants.

REVERSED AND REMANDED WITH DIRECTIONS.