CONRAD HESSLER, APPELLANT, V. RICHARD C. BELLAMY, APPELLEE.

FILED MARCH 22, 1935. No. 29223.

*Raymond & Raymond,* for appellant.

*Morrow & Morrow, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ.

DAY, J.

The plaintiff brought this action to recover damages for the wrongful death of his wife caused by an automobile accident. This case has been tried three times in the district court. The jury returned a verdict in favor of the plaintiff upon the two former trials. Motions for new trial having been sustained in both instances, the third trial resulted in a directed verdict in favor of defendant.

The issues are set out by the pleadings. The petition

alleges that on January 13, 1933, between 7 and 8 o'clock p. m., the plaintiff was driving his automobile westward on the paved public highway, six miles east of Scottsbluff, when he met a car owned and driven eastward by the defendant; that at the time he was driving in a lawful and careful manner on the right-hand side of the pavement, and immediately before the collision he had reduced the speed of his car until it was almost stopped. The petition also alleges that the Hupmobile driven east by the defendant upon the same highway, which at the time and place was covered with a light snow and ice, was driven carelessly and negligently at a high, dangerous and illegal rate of speed and without due regard to the condition of the highway and the traffic and the rights of others using the road; that he drove his car on the left-hand side of the pavement and crashed head-on, but slightly from plaintiff's left. The defendant filed an answer in which he denies that he was guilty of any negligence at the time and place of the accident and alleges that the sole and proximate cause of the collision between the automobiles and the damages resulting therefrom was the negligence of the plaintiff in driving his car on the left-hand side of the pavement. At the close of all the testimony, the defendant moved for a directed verdict which was sustained.

The appellant assigns as error the ruling of the trial judge in directing a verdict in favor of defendant after the introduction of all the evidence. The determination depends upon the place where the collision occurred. If there is testimony before the jury by which a finding in favor of the plaintiff could be upheld, the court is not at liberty to disregard it and direct a verdict against him. *Bainter v. Appel,* 124 Neb. 40.

The only question of negligence supported by any evidence is that the defendant was driving on the wrong side of the paved road at the time of the collision. Does the evidence on this question require that the issue be submitted to the jury? We think not. The plaintiff, the defendant, and five young men riding in defendant's car

were the only eyewitnesses of the accident. The plaintiff testified that he was driving on the north (his right) side of the paved road; that he saw the defendant's car approaching for about one-quarter mile; that it was swaying and collided head-on with his car a little to the left of the front end; that, when he saw it coming, he drove closer to the north side and was almost stopped at the time of the accident.

On the other hand, the defendant and his five eyewitnesses testified that his car was driven straight down the south (his right) side of the pavement; that he observed plaintiff's car about one-quarter mile away, and he thought it was parked, because it was on the south side of the road; that, when he came near, it was moving across the pavement directly in front of him too close for him to go either way, and the collision occurred on the south side of the road. With the evidence in this condition, even though the plaintiff was outsworn numerically by the defendant and his five witnesses, it was in conflict and would have required a submission to the jury.

But in addition to this testimony, the undisputed testimony as to the physical facts is such that it demonstrates that the collision occurred on the south side of the road as claimed by defendant and his witnesses and not on the north side as alleged by the plaintiff. The plaintiff testified that after the collision his car faced northwest, with the front end two to three feet from the north edge of the pavement and the rear wheels near the middle and across the black line; that the Prestone from his radiator was emptied all at once by the crash and left a spot on the north side; that he saw the car coming a quarter of a mile away, and he "got over" on the north side. After the accident, the plaintiff was dazed and confused, and the evidence indicates that he was not capable of observing accurately at that time.

The undisputed physical facts demonstrate that he was mistaken as to the place where the accident occurred. He testified that the collision was head-on, the contact with

his car a little to the left of the front end. The pictures of his car show that his car was hit on the front end from the left. The undisputed testimony is that the defendant's car was hit on the right front end. Then, at the time of the accident, the cars collided at an angle toward the north. The impact would drive both cars to the north. But, after the collision, the rear wheels of the plaintiff's car were on or south of the black mark in the center of the pavement, which would indicate that plaintiff was turning to the north at that time and not earlier as he thought. Much stress is placed upon the location of the Prestone spot on the north side of the pavement, and it is said to demonstrate that plaintiff's car was on the north side, because the fluid was emptied "like pouring from a dishpan." Our recollection of elementary physics is refreshed by the dissertation in defendant's brief. The car was moving forward and could have moved the few feet to put the front end on the north side before the liquid was spilled even if the radiator was broken with the first contact with the other car. The defendant's witnesses put plaintiff's car at least one-third on the south side of the pavement, but even accepting as true the plaintiff's testimony as to the location of his car, the collision could not have occurred on the north side of the paved road.

Where the undisputed physical facts demonstrate that defendant was not negligent in the operation of his automobile at the time of a collision, the evidence is not sufficient to support a verdict for plaintiff. If the evidence essential to a recovery by plaintiff is clearly disproved by the physical facts and conditions, the trial court should direct a verdict against him. *Oliver v. Union P. R. Co.*, 105 Neb. 243; *Dodds v. Omaha & C. B. Street R. Co.*, 104 Neb. 692; *Stryk v. Sydarowich*, 198 Wis. 542; *Anderson v. Altschuler*, 125 Neb. 853; *Sippel v. Missouri P. R. Co.*, 102 Neb. 597.

It was not, therefore, erroneous for the trial court to direct a verdict for defendant in this case.

AFFIRMED.