LAURA DEDERMAN, APPELLEE, V. CLAUDE SUMMERS, APPEL-LANT.

282 N. W. 261

FILED NOVEMBER 10, 1938. NO. 30366.

*M. S. McDuffee* and *R. J. Shurtleff,* for appellant.

*Moyer & Moyer, contra.*

Heard before ROSE, C. J., EBERLY, DAY, PAINE, CARTER and MESSMORE, JJ.

DAY, J.

This is an action for damages by the wife of the driver of one of two cars which had a collision on Sunday, December 15, 1935. The plaintiff, with her husband and three children, was traveling from her home to attend church at Norfolk. The road was covered with snow which had just fallen and the cars were making the first or at least the second track upon the highway.

The highway extended east and west and the Dedermans were going from the west to the east. The collision occurred almost opposite the farm of Arnold Houfek, near the top of a hill. Neither driver was aware of the other's approach prior to the collision. Mrs. Dederman claims to have sustained injuries, the severity and permanency of which are not questioned. The case was tried to a jury who returned a unanimous verdict in favor of the plaintiff against the defendant in the sum of $2,500.

Laura Dederman was the wife of Fred Dederman, the driver of one of the cars. It has long been established in this state: " 'Except with respect to the relation of partnership, or of principal and agent, or of master and servant, or the like, the doctrine of imputed negligence is not in vogue in this state.' " *Craig v. Chicago, St. P., M. & O. R. Co.,* 97 Neb. 586, 150 N. W. 648. This court held in *Stevens v. Luther,* 105 Neb. 184, 180 N. W. 87: "Negligence on the part of a husband in driving an automobile cannot be imputed to his wife, who is riding with him, unless the parties are engaged in an enterprise giving the wife the power and duty to direct or to assist in the operation and management of the car." There is no evidence that the wife was more than a passenger in this car.

The evidence is conflicting as to the negligence of Summers, the driver of the other car. The evidence was prop-

erly submitted to the jury and the verdict resulted. A verdict of a jury in a law action based on conflicting evidence will not be disturbed on appeal unless clearly wrong. However, the appellant contends that the verdict is clearly wrong because the physical facts are such as would make it impossible for the accident to have occurred as the result of the negligence of Summers.

A brief summary of the evidence shows that the physical facts depend upon evidence that is disputed. Hynek, dairyman, testified that he had driven the first car over the road after the snow making the tracks, the left of which was about 6 to 8 inches from the center of the road. Dederman testified that they followed the tracks up to the time of the collision. Houfek, near whose farm the collision took place, and who went to the scene immediately afterwards, testified that Summers had said he could have avoided the accident had he seen the Dederman car.

Wolf, the garage man, who went to the scene of the accident a short time after the collision, testified from his examination of the tracks as to how the accident happened. The controversy seems to be as to who was on the wrong side of the road. Each supported by witnesses claims that the other was on the wrong side of the road. One must be mistaken because, obviously, if each had been on the right side of the road, the collision would not have occurred.

The evidence in regard to physical facts is very much in dispute. It is only where the undisputed facts demonstrate that the collision was not caused by the negligence of the defendant that the verdict can be said to be clearly wrong. *Hessler v. Bellamy*, 128 Neb. 571, 259 N. W. 514. Some time ago this court held that, for physical facts to destroy direct and positive testimony showing contributory negligence, they must be so conclusive as to require direction of a verdict for defendant. *Britt v. Omaha Concrete Stone Co.*, 99 Neb. 300, 156 N. W. 497.

An examination of the record does not disclose any error in the proceedings, and the judgment of the district court is

AFFIRMED.