## SCHWARZ v. FAST.
### No. 11341.

Circuit Court of Appeals, Eighth Circuit.
May 10, 1939.

Rehearing Denied June 1, 1939.

George Tunison, of Omaha, Neb. (Ralph W. Ford, of Lincoln, Neb., and Tunison & Joyner, of Omaha, Neb., on the brief), for appellant.

Albert L. Ramacciotti, of Omaha, Neb. (Charles S. Reed, Richard E. Robinson, and Roman L. Hruska, all of Omaha, Neb., on the brief), for appellee.

Before GARDNER and WOOD-ROUGH, Circuit Judges, and OTIS, District Judge.

GARDNER, Circuit Judge.

This is an action at law brought by appellee as plaintiff against appellant to recover damages on account of personal injuries sustained by her as the result of a collision between the automobile in which she was riding and a truck owned by appellant and driven by one of his employees. The parties will be referred to as they appeared in the lower court.

It was alleged in plaintiff's petition that on the 21st of September, 1934, she was riding as an invited guest of her son, Alonzo L. Hoskins, in a Ford automobile operated by him; that at about 11:00 a. m. on that day she was proceeding in said automobile in a southerly direction over the Platte River Bridge, on Highway No. 75, between Fort Crook, Nebraska, and Plattsmouth, Nebraska, when the car in which she was riding was struck by defendant's automobile truck. It was alleged that defendant was negligent in operating his truck, which was loaded to weigh 16,000 pounds, at a high and dangerous rate of speed; to-wit, in excess of forty miles per hour, in violation of the statutes of Nebraska, and in operating the truck in a careless and reckless manner so as to endanger the life and limb of persons on the bridge, and particularly of the plaintiff, and in driving and operating said truck across the center of the traveled portion of the highway upon the left or wrong side thereof, thereby causing the driver of the automobile in which plaintiff was riding to be confronted with an emergency not of his own making; that plaintiff received her injuries as the direct and proximate result of the negligence alleged.

Defendant's answer was in the nature of a general and special denial of negligence, with an affirmative allegation that the negligence of plaintiff and Alonzo L. Hoskins was the sole cause of the collision and resulting damage to plaintiff. The reply was a general denial of the affirmative matter pleaded in the answer.

At the close of all the testimony, defendant moved for a directed verdict in his favor for the reasons "that the overwhelming mass of evidence taken in connection with the undisputed physical facts shows that the defendant's truck was at all times after entering the bridge and prior to and up to the time of the collision on the right-hand or east of the center line of the roadway as said truck proceeded north," and "that the undisputed testimony of the driver of the Ford car in which the plaintiff was riding shows that his loss of control of the car and his proceeding twenty-five to thirty feet with said car out of control, as testified to by him, was the proximate cause of the collision." The motion was denied and the case went to the jury on instruc-

tions to which no exceptions are here urged. The jury returned a verdict in favor of the plaintiff on all the issues and assessed her damages at $7,500. Judgment was entered on this verdict, and defendant has appealed.

■ The sole question presented is whether the court erred in denying defendant's motion for a directed verdict. In considering that question we are not concerned with the weight or "overwhelming mass" of the evidence. We examine it for the purpose of determining whether there was substantial evidence to sustain the verdict. In doing so, we must accept as true the evidence in favor of plaintiff's claim, and she is also entitled to such favorable inferences as may reasonably be drawn therefrom. Elzig v. Gudwangen, 8 Cir., 91 F.2d 434; Falstaff Brewing Corp. v. Thompson, 8 Cir., 101 F.2d 301; Illinois Power & Light Corp. v. Hurley, 8 Cir., 49 F.2d 681; Great Northern Ry. Co. v. Nelson, 8 Cir., 90 F.2d 84; Hessler v. Bellamy, 128 Neb. 571, 259 N. W. 514; Koehn v. City of Hastings, 114 Neb. 106, 206 N.W. 19. So considered, was there substantial evidence to sustain the verdict?

On the day of the accident, plaintiff was riding with her son, Alonzo L. Hoskins, in a Model T Ford automobile, enroute from Omaha, Nebraska to her home in Nebraska City, Nebraska. The automobile in which she was riding belonged to her son and was being driven by him. The car approached the north end of the bridge across Platte River on Highway No. 75 at about 11:00 a. m., and as it passed onto the bridge it was being driven about fifteen or twenty miles an hour. The bridge extends across the river in a northerly and southerly direction and is slightly over a quarter of a mile in length, with a concrete surface or traffic clearance of twenty feet in width. This surface was divided into two lanes by a black painted line or mark running lengthwise of the bridge and located equally distant from either edge of the bridge. There were guard rails on either side of the bridge supported by steel posts and angle braces at intervals of approximately 8⅓ feet, the braces being set on built-up steel rims a foot high and a foot wide on top. As the car entered the bridge it passed upon and along the lane lying to the west of the center line, which was the right side of the highway. As it proceeded along that part of the way, Hoskins and the plaintiff observed defendant's truck on the bridge coming north at a speed of from 45 to 50 miles per hour, and when it reached a point on the bridge about 250 or 300 feet distant from the Hoskins car, it swerved to the west and onto the west lane to such an extent that the bed or body of the truck came within 3½ feet from the west railing. After the truck thus veered to the west across the center line of the bridge road, it again swung off toward the east. Hoskins, when he saw the truck veer over to the west side of the bridge as it was approaching him at a high rate of speed, became alarmed, and as the truck seemed to veer back in the direction of the east side, he turned his car to the west, attempting to get as near the west rail as possible, fearing collision, and in so doing miscalculated the space so that his hub cap on the right front wheel struck one of the angle braces supporting the bridge rail, and in consequence of the jar resulting from this impact his car proceeding down the right side of the bridge, hit some four of the railing posts, and as he hit the fourth post the steering wheel bounded out of his hands and he lost control of the car so that it veered somewhat to the southeast; when it was struck by the defendant's truck. When plaintiff observed the truck cross over the center line while it was approaching the Ford car at a high rate of speed, she exclaimed, "For the love of God, what is he trying to do." She then fainted, or at least remembered nothing more with reference to the accident.

The defendant's truck was a tractor-trailer combination 34 feet 10 inches long, more or less wedge-shaped, the bumper in front being narrower than the front part of the trailer, while the body of the truck widened toward the rear. The front of the truck was 6 feet 4 inches in width, while the widest part of the rear of the trailer was 7.85 feet in width. The body of the trailer was of steel, except the floor. At the time of the accident it weighed, with its load, approximately eight tons. It had not pursued a straight course, nor had it remained continuously upon the east lane, but veered first toward the west side of the bridge and then toward the east, but before it passed far enough to the east to be clear of the west lane it collided with the Ford car. There was evidence that at the time of the collision, about two-thirds of the front end of the truck was west of the center line, and the left front wheel was three or four feet west of the center line. The car was pushed or driven back by the

truck 35 or 40 feet, was practically demolished, and plaintiff sustained very serious injuries.

The statutes of Nebraska prohibit trucks of the trailer or semi-trailer type with a gross load exceeding five tons from traveling faster than 35 miles per hour on the highway. The gross load of defendant's truck was about eight tons, and there was testimony that it was proceeding at a speed of from 45 to 50 miles an hour.

The driver of defendant's truck testified that he observed the Hoskins car in trouble and that he "watched him for 45 to 50 feet in distress;" that he did not apply his brakes at that time, but that "the brake was applied right at the point of impact." He also testified that he could have stopped the truck in 30 feet. There was evidence with reference to skid marks of the truck appearing in the west lane near the point of impact, and there was evidence, more or less conflicting, as to the location, extent, and existence of certain oil spots on the traffic surface of the bridge after the accident.

■ There was testimony produced by the defendant which tended to contradict certain of the foregoing evidence, but mere conflict in the evidence is not ground for reversal if the evidence in support of plaintiff's claim was substantial. Thomas v. Haspel, 126 Neb. 255, 253 N.W. 73; Showers v. Jones Company, 126 Neb. 604, 253 N.W. 902; Harrell v. People's City Mission Home, 131 Neb. 138, 267 N.W. 344; La-Fleur v. Poesch, 126 Neb. 263, 252 N.W. 902; Anderson v. Lotman, 124 Neb. 795, 248 N.W. 309; Hessler v. Bellamy, supra; Elzig v. Gudwangen, supra; Illinois Power & Light Corp. v. Hurley, supra.

■ The jury may well have decided, under the evidence and the instructions of the court, that the driver of the defendant's truck was negligent in driving at a high rate of speed upon this bridge and in failing to keep in his own lane, and in failing to stop his truck by the use of his brakes, as he might have done, after he observed the perilous situation of Hoskins, and before the collision occurred. The jury might also have concluded, under the evidence, that this negligence was the proximate cause of plaintiff's injuries, even though it believed that the negligence of Hoskins in the management of his car may have contributed to the accident. Where one suffers injury as the proximate result of the negligence of two others, and the injury would not have occurred, but for the negligence of each of said parties, both become liable. Koehn v. City of Hastings, 114 Neb. 106, 206 N.W. 19; Dickinson v. Lawson, 125 Neb. 646, 251 N.W. 656; First Trust Co. v. Carlsen, 129 Neb. 118, 261 N.W. 333.

■ It is established in Nebraska that negligence on the part of the driver of a car is not imputed to the driver's guest. There is no support in the evidence to the claim that any negligence on the part of the plaintiff contributed to the accident here. We do not mean to infer that the jury must have found that Hoskins was negligent under the circumstances disclosed. He was suddenly confronted with an unexpected danger, which was not the result of any negligence on his part. The jury may well have believed that in such circumstances, and they were further complicated by the sudden outcry and fainting of his mother, his action, though unwise, was not negligent. Paup v. American T. & T. Co., 124 Neb. 550, 247 N.W. 411.

■ It is finally argued by defendant that the physical facts render incredible the oral testimony upon which plaintiff attempts to establish negligence. An elaboration of the evidence with reference to the various contentions of defendant concerning the physical facts would unduly extend this opinion. The physical facts were not indisputable but as to many of them there is a conflict in the evidence, and the conclusions to be drawn from them are, in the circumstances here disclosed, for the jury and not for the court. Elzig v. Gudwangen, supra; Falstaff Brewing Corp. v. Thompson, supra.

■ The testimony proffered by the plaintiff in support of her claim, supplemented by the admission of defendant's driver, made defendant's negligence a jury question, and the court committed no error in denying defendant's motion for a directed verdict. The judgment appealed from is affirmed.