MARY GORMAN, APPELLEE, V. JOHN BRATKA, APPELLANT.
296 N. W. 456

FILED FEBRUARY 21, 1941. No. 30954.

*Crofoot, Fraser, Connolly & Stryker,* for appellant.

*David O. Mathews, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER and MESSMORE, JJ.

ROSE, J.

This is an action to recover damages in the sum of $10,000 for personal injuries suffered by plaintiff as the result of alleged negligence of defendant in causing a collision between automobiles at the intersection of Pine and Sixtieth streets in Omaha about 9:30 a. m. November 28, 1938.

At the time of the collision Mary Gorman, plaintiff, was riding north on Sixtieth street in a Ford sedan driven by her daughter, Marie Gorman Neiman, and defendant, John Bratka, was going east on Pine street in a Ford Tudor car driven by himself.

As stated at length in the petition, the proximate cause of the collision and of resulting injuries to plaintiff was negligence of defendant in the following particulars: Excessive speed of 40 miles an hour; failure to yield the right of way to the driver of the car in which plaintiff was riding; failure to so divert the course of his car as to avoid injury; driving the Tudor into the sedan; driving with his car out of control; violation of statutes and city ordinances regulating traffic at intersections.

In the answer to the petition defendant admitted he was

driving his car at the time of the accident, but denied any negligence on his part, and alleged in substance that the accident was unavoidable as to him, that the collision was the direct and proximate result of gross negligence of plaintiff and her driver; that the Ford sedan was a family car and the driver thereof was an agent whose negligence was chargeable to plaintiff; that they failed to accord defendant the right of way, to keep a proper lookout, to have the Ford sedan under control, to divert their course on seeing defendant's peril, to comply with city ordinances regulating traffic. It is also alleged in the answer "That such negligence and want of care on the part of the plaintiff and her driver constituted more than slight negligence and directly contributed to the happening of said accident." The reply to the answer contained a general denial.

Upon a trial of the cause the jury rendered a verdict in favor of plaintiff for $2,500. From judgment therefor, defendant appealed.

On appeal the principal ground urged for reversal of the judgment is based on the following propositions asserted and argued by counsel for defendant: The Ford sedan in which plaintiff, Mary Gorman, was riding at the time of the accident was the family car of herself and her husband, Thomas Gorman. Their daughter, Marie Gorman Neiman, was their agent and driver. They were all occupants of the car when the collision occurred. The daughter was then performing for her parents a service coupled with a duty and was not in law a stranger to them. The parents were liable for their daughter's negligence to the same extent as they would have been had one of them been driving the family car. The evidence, including the physical facts, shows that the negligence of Marie Gorman Neiman as agent and driver for plaintiff was the proximate cause of the accident resulting in the latter's injuries. A motion at the close of the evidence to direct a verdict in favor of defendant was erroneously overruled. Whether defendant's position thus outlined is tenable depends on the evidence and the law applicable to the issues and the facts.

The driver of the car in which plaintiff was riding testified that she drove north on the east side of Sixtieth street, toward the intersection at a speed of about 25 miles an hour and that defendant approached from the west on Pine street; that the weather was fair and the pavements dry; that when she was about a car length from the southeast corner of the intersection she saw defendant's car when possibly two car lengths from the southwest corner of the intersection; that she did what she could to get out of the way; that she drove on and defendant smashed right into her; that the collision occurred in the northeast corner of the intersection; that she observed defendant's car after she first saw it; that she would say it was going 40 miles an hour and she did not observe that it slowed down; that there was no other traffic in the intersection and nothing to prevent defendant from passing in the rear; that the car she was driving turned over and landed on its wheels after the impact and headed southwest; that it was struck at the left rear fender; that her father and mother were injured and taken to the hospital. Of similar import was the testimony of the driver's father and mother. This version of the collision was consistent with the locations of the cars when they came to rest and with the impressions made on them by the impact.

In charge of a bailiff the jury viewed the scene of the collision after they had listened to all the evidence adduced at the trial. They could properly find that the driver of the car in which plaintiff was riding was first at the crossing; that she approached and entered the intersection in her own lane of travel or on the right side of Sixtieth street and did not deviate from the proper course; that she had the right of way according to lawful regulations and was almost across Pine street when the Ford sedan was struck on the rear left side and overturned; that defendant could have passed safely in the rear on the south side of the intersection.

The version of defendant was in effect as follows: He had been going east upgrade on Pine street at 20 or 25

miles an hour. At a point where he could see southward for the distance of a block up Sixtieth street, he did not observe any car going north thereon. When his front wheels were about at the intersection, the other car, going 40 miles an hour, was 30 or 40 feet south of the intersection. He figured he had time to pass, though he had lowered his speed to 10 or 12 miles an hour, and proceeded to cross, but was unable to avoid the accident. There were no stop signs at the crossing. The streets were paved and each was 24 feet between the curbs. Defendant was first to enter the intersection. The driver of the other car did not slacken her speed or deviate her course to avoid the accident. The testimony of two other occupants of defendant's car was of similar import. Defendant admitted on the witness-stand that he signed a report of the accident November 28, 1938. It recited that he had read it and it contained the following statements:

"All of a sudden I collided with a car which was going north on Sixtieth street. I did not see this car until we collided. I could not say how fast this car was going since I did not see it until we collided."

He testified, however, to the effect that he did not knowingly make such statements. With the evidence conflicting on the proximate cause of the collision, the question was necessarily one for the jury. The evidence on that issue preponderates in favor of plaintiff as found by the jury and it follows that the trial court did not err in overruling defendant's motion for a nonsuit.

Counsel for defendant contend that evidential negligence of plaintiff's driver is necessarily attributable to plaintiff and precludes a recovery for damages; that the trial court in the instructions to the jury erroneously adopted the theory that plaintiff was a guest or passenger in the car driven by her daughter at the time of the accident, whereas the car was a family car and the driver was the agent of plaintiff.

The ownership and use of the car in which plaintiff was riding and the relationship of father, mother and daughter

are facts not in dispute. The answer to the petition pleads:

"This defendant further alleges that plaintiff's husband, Thomas Gorman, was the owner of the 1937 Ford sedan automobile involved in the accident."

The evidence shows the same fact and the rule applicable to this allegation has been stated as follows:

"A party may at any and all times invoke the language of his opponent's pleading, on which a case is being tried, on a particular issue, as rendering certain facts indisputable; and in doing this he is neither required nor allowed to offer such pleading in evidence in the ordinary manner." *Bonacci v. Cerra,* 134 Neb. 476, 279 N. W. 173.

The car driven by Marie Gorman Neiman was therefore owned by Thomas Gorman, not by plaintiff. It was registered in his name but kept at the home of his married daughter and her husband, Clark Neiman. It was never driven by the owner or his wife—the plaintiff. The Neimans generally provided gas, oil and repairs. Plaintiff was 75 years of age when injured and her husband 78. They resided in an apartment at 4718½ South Twenty-fourth street, Omaha. Their daughter and her husband had resided for 14 years at 5832 William street, the residences being perhaps seven miles apart. The Neimans maintained their own home and were not dependent on the Gormans or either of them for support. On the morning of the collision Marie Gorman Neiman called her mother by telephone, invited her parents over to spend the day and said she would be down for them. She called for them and with the mother in the front seat of the car, the father in the rear seat, and herself at the wheel, they started for 5832 William street. On this trip, one frequently made without accident, the collision occurred. The daughter had been driving automobiles for 19 years. The mother had never driven one. These facts were proved without dispute. There was no evidence that the mother and the daughter were engaged in an enterprise giving the mother authority to direct or to assist in the operation and management of the car, nor that the mother was guilty of such negligence as

would defeat a recovery, but there was evidence that the mother was the guest of her daughter. The pertinent principle of law was stated in a former case as follows:

"Negligence on the part of a husband in driving an automobile cannot be imputed to his wife, who is riding with him, unless the parties are engaged in an enterprise giving the wife the power and duty to direct or to assist in the operation and management of the car." *Stevens v. Luther*, 105 Neb. 184, 180 N. W. 87. Followed in *Dederman v. Summers*, 135 Neb. 453, 282 N. W. 261.

In view of all the evidence and the law applicable thereto, the trial court did not err in failing to instruct the jury that plaintiff's daughter, while driving, was an agent whose negligence was attributable to plaintiff.

Some of the instructions are criticized as erroneous, but they have been examined and considered together in connection with the criticisms and evidence and are found to be free from error prejudicial to defendant. Rulings permitting witnesses for plaintiff to testify to the speed of defendant's car were not prejudicially erroneous, though their testimony was challenged as inadmissible. The jury found on competent evidence that the speed of defendant's car was sufficient at the instant of the impact to overturn the car in which plaintiff was riding.

An assignment of error is directed to the verdict as excessive. There is evidence tending to prove that plaintiff, as a result of the collision, was in a hospital two weeks; was afterward confined to her home or to her bed for about eight weeks; was able to attend to her house work without help before she was injured but not afterward; that she suffered pain at intervals up to the time of the trial—more than a year. Her attending physician enumerated some of her injuries as follows: Body bruises; multiple cuts on legs; fracture of rib; brain concussion; heart shock; traumatic phlebitis; nervousness; pain; loss of sleep. In addition hospital expenses and compensation of the physician were elements of damage. There is no substantial ground for condemning the verdict as excessive. On the record in

its entirety, error prejudicial to defendant has not been pointed out or found.

Plaintiff died pending the appeal and the action was revived in the name of Marie Gorman Neiman, administratrix of the estate of Mary Gorman, deceased, plaintiff.

AFFIRMED.