MARGARET YOUNG, APPELLANT, v. LA VERN STOETZEL ET AL., APPELLEES.

68 N. W. 2d 186

Filed January 21, 1955. No. 33622.

*Maupin & Dent* and *Harold W. Kay*, for appellant.

*Baskins & Baskins*, for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an action by a passenger in an automobile against the driver and owners of a passenger bus to recover damages for personal injuries sustained in a collision between the two vehicles at a street intersection. The trial court directed a verdict against plaintiff and plaintiff appeals.

The collision occurred at the intersection of Willow and Fourth Streets in North Platte, Nebraska, on July 1, 1952, at about 6:45 a. m. Willow Street runs north and south and is 47.5 feet wide from curb to curb. Fourth Street runs east and west and is 46.5 feet wide from curb to curb. Fourth Street is a through street protected by stop signs.

The evidence shows that plaintiff was riding in an automobile owned and driven by her husband. Plaintiff's mother was riding in the front seat on the right side and plaintiff was riding in the front seat between her husband and her mother. For convenience we shall refer to plaintiff's husband as Young. Immediately prior to the collision they were proceeding north on Willow Street. The evidence of plaintiff and her witnesses is that they stopped at the stop sign on the south side of Fourth Street. Plaintiff and her husband testified that they looked to the right and saw no traffic coming from the east. They proceeded into the intersection at about 5 miles per hour and moved 7 or 8 feet into the intersection when plaintiff said: "Watch out for the bus." Young stopped the car immediately with the front end at the center of Fourth Street.

Plaintiff says that the bus was about one-half block away when she first saw it. Young says it was about 100 feet east from the intersection when he first saw it. Plaintiff and Young testify that the bus was coming quite fast and appeared to be picking up speed as it

approached them. Young estimates the speed of the bus when he first saw it at 35 miles an hour and at 40 miles an hour at the time of the collision. Plaintiff and Young testify that the bus was traveling in the center of the road. They state that the north half of Fourth Street was open for the bus to pass through the intersection, but for some reason it continued in the center of the road and crashed into the side of their stopped car.

After the collision the automobile was partly over the curb, facing south, a few feet north of the northwest corner of the intersection. The bus was almost wholly over the curb, facing northwest, a few feet west of the northwest corner of the intersection. There is evidence that mud, glass, and other debris were found in the northeast quadrant of the intersection. There is also evidence of similar debris being found in the east half of the intersection. The pictures received in evidence indicate also that there was similar debris in the northwest quadrant of the intersection. Young testified to a whirling sensation when their car was hit by the bus. There is evidence by a witness two or three blocks to the south, who was driving north on Willow Street, that the bus appeared to swerve to the north and over the north curb. The theory of plaintiff's case, briefly summarized, is that Young drove his car into the intersection, saw the bus coming down the center of Fourth Street, stopped his car south of the center line of Fourth Street, and was hit by the bus when it was traveling partly or wholly on the south side of the center line of the street.

The evidence of the defendant driver is that the bus was at all times on its right side of the street. The driver of the bus testified that he was driving west on Fourth Street. He was driving at approximately 18 miles an hour 100 feet east of the intersection. At a point 80 feet east of the intersection he looked to the right and left and saw no traffic. He did not see the

automobile until immediately before the collision. He states that he could see the stop sign on Willow Street and the area around it from a distance of 135 feet east of the intersection. His vision on Willow Street increased as he approached the intersection. He did not apply his brakes nor disengage the clutch because he had no time to do so. His evidence is that the collision occurred in the northeast quadrant of the intersection. The undisputed physical facts testified to were not such as to control the result. The driver of the bus says that the automobile was struck on its right side, a fact which is supported by pictures of the automobile received in evidence.

The defendants assert the plaintiff's evidence as to the speed of the bus and the distance it traveled, when considered with her evidence of the speed of the automobile and the distance it traveled, shows that no collision could have occurred or that it could not have occurred in the manner disclosed by the record. We point out, however, that speed was not an essential element of plaintiff's case. She asserts that her husband drove his car into the intersection, stopped short of the center line of the street, and was hit by the bus while his car was in a standing position. If the jury found this evidence to be true, the calculations of speed and distance would not be controlling. The fact that the automobile was stopped for some period of time clear of the lane of travel of the bus eliminates the question of speed as a controlling factor in plaintiff's case. Such evidence is proper for the consideration of the jury, but is not sufficient to sustain a judgment against the plaintiff as a matter of law.

The material evidence is in conflict. If the evidence of plaintiff and Young is believed by the jury, it is sufficient to sustain a verdict for the plaintiff. Likewise, if the evidence of defendants' witnesses is believed, it is sufficient to sustain a verdict for the defendants.

Under such circumstances the evidence presents a question for the jury to determine.

When a motion for a directed verdict is made, the party against whom it is directed is entitled to have his evidence accepted by the court as true and to have all favorable inferences reasonably to be drawn therefrom resolved in his favor. Segebart v. Gregory, 156 Neb. 261, 55 N. W. 2d 678.

In a case involving issues of negligence, where different minds may draw different conclusions or inferences from the evidence adduced, or if there is a conflict in the evidence, the matter at issue must be submitted to the jury; but where the evidence is undisputed, or but one reasonable inference or conclusion can be drawn from the evidence, the question is one of law for the court. Kuska v. Nichols Construction Co., 154 Neb. 580, 48 N. W. 2d 682.

In order for physical facts to control a verdict in a personal injury action they must conclusively demonstrate that a verdict is required as a matter of law. It is only where undisputed physical facts conclusively establish the negligence of one party or the nonnegligence of the other that they afford a proper basis for a directed verdict. Where the physical facts and the inferences to be drawn therefrom are subject to more than one interpretation with respect to the negligence of the parties, they are not sufficient to sustain a directed verdict. Hessler v. Bellamy, 128 Neb. 571, 259 N. W. 514; Schwarz v. Fast, 103 F. 2d 865. Under the latter circumstances they constitute evidence which a jury may properly consider in arriving at a verdict. Shiers v. Cowgill, 157 Neb. 265, 59 N. W. 2d 407.

We conclude that the physical facts shown by the record are not such as would sustain a directed verdict for the defendants. It appears also that the testimony of the witnesses was in conflict as to whose negligence was the cause of the accident. The evidence does not point to any negligence on the part of the plaintiff who

was a guest in her husband's car. Under such circumstances the trial court erred in directing a verdict for the defendants.

The judgment is reversed and the cause remanded for further proceedings in accordance with this opinion.

REVERSED AND REMANDED.

CHAPPELL, J., participating on briefs.