EDWARD D. SOUTHWELL, APPELLEE, v. ROBERT E. DEBOER ET AL., APPELLANTS.

80 N. W. 2d 877

Filed February 1, 1957. No. 34060.

*Chambers, Holland, Groth, Dudgeon & Hastings* and *Ernest A. Hubka,* for appellants.

*McCown & Wullschleger,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action for damages instituted by Edward C. Southwell, plaintiff and appellee, against Robert E. DeBoer and International Harvester Company, a corporation, defendants and appellants. The action was in two causes of action. It was tried to a jury. The jury returned a verdict in favor of plaintiff and against the defendants on the first cause of action for $17,500 and on the second cause of action for $3,500. The plaintiff filed a remittitur of $870 of the amount awarded on the second cause of action, whereupon judgment was rendered on the two causes of action for $20,130. From

this judgment the defendants have appealed. For convenience, when separate reference is required, the defendants will be referred to as DeBoer and the company.

As grounds for reversal the defendants have set forth five assignments of error. By assignments Nos. 1, 2, 3, and 4, in this order, they charge the court erred in giving instructions Nos. 14, 15, 19, and 10. By the fifth assignment of error they charge that the verdict is grossly excessive. The question of whether or not the defendants were guilty of negligence is not in issue on this appeal.

The basis of the action as pleaded by the plaintiff, to the extent necessary to set it forth here, is substantially as follows: On August 22, 1955, at about 7:30 p.m., the plaintiff was driving a 1946 Chevrolet automobile in a westerly direction upon a state highway about 4 miles northwest of Beatrice, Nebraska; that along the north side of the highway was a pile of roadmix extending southward in width about 4 feet, the length of which extended the entire length of the portion of the road which was under construction (this length was not definitely stated but it extended east and west of the point of concern here for a distance of several miles); that the width of the roadway south of the roadmix at the location in question was 19 feet; that this roadway was clear and unobstructed; that at the time of concern here the plaintiff was operating his automobile in a careful and prudent manner and about 1 foot from the south edge of the roadmix; that DeBoer was operating an International pick-up truck which belonged to the company from the west or opposite direction; that while so doing he operated it so negligently as to cause it to collide with the front end of plaintiff's automobile causing injury and damage to plaintiff and to his automobile; and that at the time DeBoer was employed by and engaged in the business of the company. The fact of employment and the capacity of the employment is not questioned by the defendants on this appeal.

In view of the fact that no question of whether or not the defendants were guilty of negligence is presented by the assignments of error it is not deemed necessary to set forth the specifications of negligence charged in the petition.

To the petition the defendants filed answers. By the answers they admitted the occurrence and otherwise generally denied the allegations of the petition. Further answering they alleged affirmatively that the proximate cause of the collision was the contributory negligence of the plaintiff. The specifications of contributory negligence were substantially as follows: (1) Failure and neglect to make reasonable observation of the approach of other vehicles including the one operated by DeBoer; (2) failure of plaintiff to drive at a reasonable and proper rate of speed having regard for the condition of the road; (3) failure of the plaintiff to have his automobile under reasonable control; and (4) failure of plaintiff to make timely application of brakes.

These affirmative allegations of contributory negligence were denied by the plaintiff. The pleadings thus summarized present the basis for the questions which require determination on this appeal.

In addition to the issues presented by the petition, answer, and reply, the defendants filed separate cross-petitions and on them issue was joined. Those issues however are of no concern on this appeal.

In order to determine the questions presented by the assignments of error it becomes necessary to examine briefly the evidence adduced at the trial. It is disclosed by the evidence that on the day in question and perhaps for some days prior thereto the surface of the traveled portion of this highway was being improved by the placement of a mixture of road improvement material thereon. The process has not been accurately described but it appears that it was being done by grading and spreading of the material over the traveled surface with a road grader from the accumulation in a row on

one side of the road. It is disclosed that this row of material began about 1 foot from the north side and extended in width about 4 feet to the south. How far to the east and to the west is not disclosed but it appears that it extended for a distance of a few miles. There was a driving space to the south at the point of collision of about 19 feet. The plaintiff's clear view to the west, according to his estimate, was from 4 to 5 blocks or from 1,200 to 1,500 feet. The area of view of DeBoer to the east was not disclosed but there is no evidence that it was restricted except possibly by dust. There is evidence that the highway was officially closed to public travel but none of it is authentic in quality.

The plaintiff testified that prior to the collision he had been driving about 1 foot south of the south edge of the roadmix. He did not testify that he was so driving at the time of the collision. He testified that he had no recollection of the collision or of seeing the approach of DeBoer theretofore. The effect of his testimony in this respect is to say that he was driving as above described; that as a result of the collision he was rendered unconscious; and that he did not recover consciousness for about 2 days. There was evidence from other witnesses that there were skid marks made by the tires of his automobile extending backward or east from the point of collision about 47 feet. The north line of the skid marks was about 1 foot from the south edge of the roadmix.

This evidence is sufficient, it is believed, to support an inference that plaintiff was at the time of the collision traveling in the manner that he had been previously traveling, and an inference that he observed the approach of DeBoer prior to the collision.

DeBoer testified on behalf of the defendants. He testified that he came onto the roadway south of the roadmix quite some distance west of the scene of the collision and that he operated the truck on the south edge of the roadway. He had no recollection of seeing the automobile of plaintiff at the time of the collision. He gave

some evidence of dust ahead of him through which he operated the truck. There were no eyewitnesses to the collision.

There was evidence from observations made after the collision that at the time the two vehicles came together the right wheels of plaintiff's automobile were about 1 foot south of the south line of the roadmix and that the left front wheel of the truck operated by DeBoer was about 3 feet south of that line, and that in this wise the front ends of the two vehicles came together.

From this evidence of course at least a reasonable inference could flow that the plaintiff was on his right side and DeBoer was on the wrong side of the road.

As pointed out the first assignment of error relates to the giving of instruction No. 14. The instruction is as follows:

"You are instructed that the law of this state provides that upon all highways of sufficient width the driver of a vehicle shall drive the same upon the right half of the highway and that drivers of vehicles proceeding in opposite directions shall pass each other to the right, each giving to the other at least one half of the main traveled portion of the roadway as nearly as possible.

"If you find from the evidence that the foregoing requirement of the law was violated by the defendant, Robert E. DeBoer, you are instructed that such violation was not in and of itself negligence but a circumstance which you may take into consideration in determining whether or not said defendant was guilty of negligence."

The particular objection, as we interpret, is not that an unsound or fallacious principle of law has been stated but that the principle applied to DeBoer in the second paragraph should have been applied as well to the plaintiff. The reason assigned for this contention is that there was an issue also as to whether or not the plaintiff was operating his automobile also in violation

of the legal principle set forth in the first paragraph of the instruction.

If on the record made there was such an issue the assignment of error is valid, otherwise it is not.

This court has said many times in somewhat varying terms but with a single meaning that a party to an action is entitled to have the jury instructed with reference to his theory of the case, when the pleadings present the theory as an issue and it is supported by competent evidence, whether requested to do so or not. See, Swengil v. Martin, 125 Neb. 745, 252 N. W. 207; Hackbart v. Rohrig, 136 Neb. 825, 287 N. W. 665; Landrum v. Roddy, 143 Neb. 934, 12 N. W. 2d 82, 149 A. L. R. 1041; Hansen v. Lawrence, 149 Neb. 26, 30 N. W. 2d 63; Fimple v. Archer Ballroom Co., 150 Neb. 681, 35 N. W. 2d 680; McKain v. Platte Valley Public Power & Irr. Dist., 151 Neb. 497, 37 N. W. 2d 923; Dunlap v. Welch, 152 Neb. 459, 41 N. W. 2d 384; Pongruber v. Patrick, 157 Neb. 799, 61 N. W. 2d 578.

An element of this rule, as is clear, is that it is not sufficient that the theory shall be made an issue by the pleadings. In order to require that an instruction be given, the theory must be supported by competent evidence. In the absence of competent evidence instruction upon it is not required nor proper.

In Swengil v. Martin, *supra*, the controlling principle is announced as follows: "While, as decided in Boice v. Palmer, 55 Neb. 389, and other cases cited hereinbefore, 'A party to an action is entitled to have the jury instructed with reference to his theory of the case, when the pleadings present the theory as an issue and it is supported by competent evidence,' logically, unless an issue is supported by competent evidence, he is not entitled to have the same submitted to the jury."

In the case at bar there is no evidence that the plaintiff was not, or from which a reasonable inference could flow that he was not, on the right half of the main traveled portion of this roadway. In this light there was no

issue as to whether or not he was on the wrong side thereof. The first assignment of error is therefore without merit.

By the second assignment of error it is charged that instruction No. 15 is contradictory and confusing. The instruction is as follows:

"You are instructed that you cannot find that either of the drivers in this case were negligent simply because they were driving on a road that was closed or partially closed to traffic generally, if you so find.

"You may consider this circumstance, along with all the other facts and circumstances as shown by the evidence, in determining whether or not either of said drivers was negligent at the time and place in question."

It is of course true that a conflicting instruction or instructions on issues the effect of which may be to mislead or confuse the jury are erroneous and prejudicial. See, Heif v. Roberts Dairy Co., 138 Neb. 885, 296 N. W. 331; Harsche v. Czyz, 157 Neb. 699, 61 N. W. 2d 265; Barney v. Adcock, 162 Neb. 179, 75 N. W. 2d 683.

Within the meaning and a proper application of this rule to the facts of this case it may not well be said that this instruction was either improper or prejudicial.

The defendants urge that by the first paragraph an issue as to whether or not the plaintiff and DeBoer were, at the time in question, driving on a road that was partially closed to traffic generally was excluded from consideration by the jury, but that it was erroneously put back by the second paragraph.

As has been pointed out there was some evidence relating to the question of whether or not the road was officially closed to traffic generally but that it lacked authenticity. By the statement of lack of authenticity was not meant that there was no evidence that the road was closed but only that there was no official information adduced that it was closed.

The purpose and effect of the instruction, as we interpret, was to say that while there was no issue as to

whether or not the road was officially closed to be decided, yet the evidence in relation to that subject related to a circumstance or circumstances which the jury had the right to consider along with other facts as shown in the determination of whether either or both of the parties were negligent. This was not error. It conforms to the rule, which requires no citation, that in all propriety the trial court should tell the jury that it has the right to consider all facts and circumstances proved bearing upon the issues presented for determination.

The next assignment of error charges that by instruction No. 19 the court submitted as an issue "mental suffering" of the plaintiff whereas there was none proved.

It is true that mental suffering as such was not proved. In the light, however, of substantial authority this lack of proof did not deprive the court of the right to submit the question or the jury to consider it and to return a verdict in contemplation thereof.

In American Water-Works Co. v. Dougherty, 37 Neb. 373, 55 N. W. 1051, it was said: "The plaintiff in error also contends that the court erred in instructing the jury that they might consider mental suffering and anxiety in estimating the damages. This instruction was correct. Owing to the nature of things there can be no precise scale for weighing damages in such cases. Physical suffering caused by such injuries is in its nature inseparable from mental suffering and anxiety from the same cause. Whatever may be the rule as to the recovery of such damages where there has been no physical injury, where such physical injury has been sustained, mental suffering and anxiety are, as much as physical, an element for which the plaintiff should be compensated." This conclusion was approved in Omaha Street Ry. Co. v. Emminger, 57 Neb. 240, 77 N. W. 675. We have not found that this court has ever departed from it.

The defendants appear to contend that by the opinion

in Mick v. Oberle, 124 Neb. 433, 246 N. W. 869, the court was deprived of the right to submit the question to the jury. This contention may not be sustained. In that case the subject was "mental injuries" as distinguished from "mental suffering." In that case the principle announced in American Water-Works Co. v. Dougherty, *supra,* was not referred to nor overruled.

In the light of this inseparable nature of physical and mental suffering as a consequence of physical injuries and the pleadings and evidence in this case it appears that there was no error in the giving of this instruction.

By the petition the plaintiff sought to recover for "physical pain" and "mental anguish" and the evidence without question sustained the allegation of physical pain which, as has been pointed out, is inseparable from mental suffering. The fact that the term "anguish" rather than "suffering" was employed is of no real concern.

By the next assignment of error the defendants contend that the giving of instruction No. 10 was erroneous for the reason that it contains an erroneous and prejudicial definition of slight negligence.

As has been pointed out the question of whether or not DeBoer was negligent is not a subject for consideration on this review. The question of his degree of negligence within the meaning of the comparative negligence law and the degree of plaintiff's negligence, if any, is here for consideration. In particular the question of whether or not plaintiff was guilty of any negligence at all is presented.

The plaintiff contends substantially that there is no evidence that he was guilty of any negligence which caused or proximately contributed to the collision, and that in consequence of this even if the definition is not a proper one it is not prejudicial since the verdict which was rendered on the question of negligence was the only one of which the evidence was capable.

It is of course true that if the record sustains this

premise and conclusion of the plaintiff necessity does not arise to consider the assignment of error further.

In the early case of Locke v. Shreck, 54 Neb. 472, 74 N. W. 970, it was said: "Where the verdict returned by the jury is the only one authorized by the pleadings and proof, the giving of an erroneous instruction is not prejudicial error." To the same effect are the pronouncements in the following cases: Leichner v. First Trust Co., 133 Neb. 170, 274 N. W. 475; Kimball v. Cooper, 134 Neb. 536, 279 N. W. 194.

The evidence in this case is convincing that the contention of the plaintiff as to this assignment must be sustained. The undisputed physical facts demonstrated that the plaintiff was not negligent in the operation of his automobile at the time of the collision. He was driving prior thereto where he had the right to drive and the tire marks of the automobile showed conclusively that he was so continuing to drive at the time the collision took place. The physical facts further showed conclusively that DeBoer left the place of safety where he testified that he had been driving and without apparent reason came across directly into the path of plaintiff.

A case directly in point in legal principle and analagous facts is Hessler v. Bellamy, 128 Neb. 571, 259 N. W. 514. The effect of the principle declared in that case applied to this case is to say that in a case where contributory negligence is charged against a plaintiff but the physical facts disclose conclusively that he was not so guilty it is error for the court to submit that question as an issue to the jury. The error may not however be said to be prejudicial to a defendant making the charge against a plaintiff, even if a phase thereof is improperly defined. See, Shiers v. Cowgill, 157 Neb. 265, 59 N. W. 2d 407; Gilliland v. Wood, 158 Neb. 286, 63 N. W. 2d 147; Young v. Stoetzel, 159 Neb. 624, 68 N. W. 2d 186. In the light of the conclusion reached in this respect it

must be said that the fourth assignment of error is without merit.

By the last assignment of error the defendants urge that the verdict is excessive.

As a general rule for the guidance of courts in determining whether or not the verdict of a jury is excessive the following was said in Remmenga v. Selk, 152 Neb. 625, 42 N. W. 2d 186: "In an action for damages, where the law furnishes no legal rule for measuring them, the amount to be awarded rests largely in the sound discretion of the jury and courts are reluctant to interfere with a verdict so rendered."

In Banta v. McChesney, 127 Neb. 764, 257 N. W. 68, it was said: "Where the verdict returned in an action for personal injuries is challenged on appeal solely because excessive, it will not be disturbed by the reviewing court, unless it can say as a matter of law that, upon consideration of all the evidence, the amount of such verdict is excessive."

In Plumb v. Burnham, 151 Neb. 129, 36 N. W. 2d 612, it was said: "A verdict may be set aside as excessive by the trial court or on appeal only when it is so clearly exorbitant as to indicate that it was the result of passion, prejudice, mistake, or some means not apparent in the record, or it is clear that the jury disregarded the evidence or rules of law." These three rules have been repeated in Shiers v. Cowgill, *supra*.

There is nothing in the record to indicate that the verdict returned was the result of passion or prejudice. There is an indication that there was a mistake which amounted to a departure from rules of law. This was capable of being and was properly corrected by the trial court after verdict by remittitur.

In explanation, the plaintiff pleaded his right of recovery in two causes of action. On his first cause of action he sought to recover all of his damages except special damages capable of accurate determination at

the trial. By the second cause of action he sought recovery of these special damages.

The verdict as to the second cause of action was for $3,500. This was about $870 in excess of the special damage proved. The court overruled the motion of defendants for a new trial on condition that the plaintiff remit $870. The condition was accepted by the plaintiff and the amount was duly remitted. No procedural error in this respect is assigned.

As to the first cause of action the evidence of the plaintiff in brief detail substantially disclosed that the plaintiff was 28 years of age and was a farm worker; that at the time of his injury his wage was $125 a month; that he was unable to work at all for 4 months; that on return to work his wage was $78 a month; and that this reduction was occasioned by the condition of plaintiff. The injuries sustained by plaintiff as described by the physician in attendance on the date of the collision were considerable shock, three jagged cuts on the chin, a broken jaw, a wound over the left knee 8 inches in length and into the bone, severe pain from the date of injury to the time of trial, and permanent partial disability in the knee to the extent of 15 per cent. A dentist described injuries which he found as two fractures of the left ascending ramus of the mandible, a comminuted compound fracture of the symphysis of the mandible, a fracture of the left alveolar process, and the loss of six teeth; that he gave operative treatment to reduce the fractures; that he later removed four teeth; that the operative treatment required immobilization of the joint; and that at the time of trial the plaintiff had limited motion in opening his mouth which limited motion will continue with but slight improvement, leaving disability to the extent of 25 to 30 per cent.

This review is lacking in detail but it is thought that it presents a fair background of the evidence, at least not one unfavorable to the defendants, for the application of the general rules hereinbefore set forth to the

assignment of error charging that the verdict is excessive.

The verdict on the first cause of action was for $17,500. In the light of the evidence in this case and the foregoing rules for guidance and the factual situations out of which they flowed, we are unable to say that the verdict here is excessive. Accordingly the judgment of the district court is affirmed.

AFFIRMED.