MILDRED B. KROEGER, ADMINISTRATRIX OF THE ESTATE OF RUSSELL K. KROEGER, DECEASED, APPELLEE, V. KARL SAFRANEK, APPELLANT, IMPLEADED WITH PRUCKA TRANSPORTATION COMPANY, INC., APPELLEE.

87 N. W. 2d 221.

Filed December 20, 1957. No. 34235.

*Kanouff & Brown* and *Schaper & Schaper,* for appellant.

*Robert W. Haney, Thomas J. Walsh, Benjamin M. Wall,* and *McCormack & McCormack,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an action for wrongful death. It was commenced by Mildred B. Kroeger, administratrix of decedent's estate, for the benefit of his widow and 5-year-old daughter as next of kin. Plaintiff recovered a verdict of $46,165 and judgment was entered thereon. The defendant Safranek, hereinafter called defendant, appealed.

The case was previously before this court. Kroeger v. Safranek, 161 Neb. 182, 72 N. W. 2d 831. The facts in the former case are correctly stated. We adopt such statement and we shall refer to the evidence in this case

only as it bears upon the issues tried and the errors assigned. The assignments of error are that the verdict is not sustained by the evidence, that the verdict is excessive, and that the trial court erred in giving instructions numbered 2, 5, 6, 14, and 17.

The evidence shows that the action is the result of a collision between two large trucks. Plaintiff's decedent was operating a truck belonging to the Prucka Transportation Company in a westerly direction on U. S. Highway No. 30-A at a point about 7½ miles west of Wahoo, Nebraska. The defendant was operating his own truck in an easterly direction immediately prior to the collision. Plaintiff produced evidence that defendant's truck came over the center line and caused the collision. Defendant produced evidence that decedent's truck crossed the center line onto his side of the highway and caused the accident. We determined on the former appeal that the evidence on these claims of negligence was sufficient to be submitted to the jury. The defendant contends on this appeal, however, that physical facts have been established which preclude a recovery by the plaintiff. We shall discuss the facts giving rise to this contention.

The evidence shows that Mr. and Mrs. Elmer Gulick were following defendant's truck for a distance of 10 to 12 miles immediately prior to the accident. They testified that defendant's truck was weaving back and forth across its side of the highway and that on several occasions it passed across the center line. They testified further that the movements of defendant's truck were such that they did not deem it safe to attempt to pass it. They followed about 300 feet to the rear of the truck. They testified that they saw the accident and each described it is follows: The Prucka truck driven by plaintiff's decedent was traveling west and was at all times on its right-hand side of the highway. They each testified that immediately prior to meeting the Prucka truck, defendant drove his truck to the right and onto the 12--

inch curb on his right-hand side of the highway. They said that as he turned his truck back toward the center of the road, the front end of the trailer crossed over the center line and was hit on the left front corner by the Prucka truck. They said, also, that the rear of the trailer whipped around and that it also was hit by the Prucka truck. These two witnesses were strangers to all the parties to the action prior to the accident; they were in a position to see, and their evidence is unequivocal.

The defendant testified that he was driving a 2-ton tractor with a 32-foot, factory-made, flatbed trailer. The trailer was hitched to the tractor by means of a fifth wheel and a kingpin. When so connected the front of the trailer has no side movement. Mr. W. F. Weiland, a professor of mechanical engineering at the University of Nebraska, testified that the blow to the left front end of defendant's trailer, as hereinbefore described, could not cause the rear end of the trailer to swing to its left, but would, on the other hand, cause it to swing to its right.

It is upon this state of the record defendant contends that plaintiff is barred from recovery because of undisputed physical facts. It is a general rule that nature's unchanging laws and the unvarying principles of mechanics cannot be turned aside by a verdict of a jury. But to justify the overturning of a verdict supported by direct testimony on the ground that it is in conflict with natural laws or some established principles of mathematics, mechanics, physics, or the like, the indisputable physical facts must demonstrate beyond question that the supporting evidence is false and that the verdict is in fact without evidentiary support. See, Hessler v. Bellamy, 128 Neb. 571, 259 N. W. 514; Dederman v. Summers, 135 Neb. 453, 282 N. W. 261; Young v. Stoetzel, 159 Neb. 624, 68 N. W. 2d 186.

Decedent's truck was traveling west on the north half of the highway. The tire marks of the Prucka truck

on the pavement at the point of the accident were on the north side of the center line. The defendant said that he did not drive his tractor over the center line at the scene of the accident. The witnesses Gulick stated that they could not see the defendant's tractor and the course it took. The evidence is that defendant's flatbed trailer was 24 inches wider than his tractor. This means, of course, that the trailer extended 12 inches beyond the tractor in a normal operation of the outfit. In turning back toward the center of the highway and turning his tractor due east, it can readily be seen that the left front end of defendant's trailer could project itself over the center line without any encroachment of the north lane by the tractor itself. The first impact occurred at the front left corner of defendant's trailer. It was this impact which set in motion the chain of events resulting in the death of plaintiff's decedent. If this impact was the result of defendant's negligence as the jury found, what happened thereafter does not appear too important in determining the proximate cause of the accident. The evidence that the trailer could not swing or whip to the right or left does not appear conclusive as the exact location and route of defendant's tractor is not indisputably fixed. The expert evidence leaves open the possibilities of defective equipment, or that damage to the hitch may have occurred at the first impact, that skidding or sliding may have occurred, and the phenomena that often results when multiple forces assert themselves in a collision between moving objects. We do not think that the situation is one in which it can be said that undisputed physical facts control the result. Where there is a reasonable dispute as to what the physical facts show, the conclusions to be drawn therefrom are for the jury. The trial court therefore properly submitted the issues to the jury for its determination.

The defendant contends that the trial court erred in giving instruction No. 2. The instruction told the jury

in part that defendant alleged the death of plaintiff's decedent was caused solely by the negligence of the decedent in the premises, "specifically that the said Russell K. Kroeger failed to exercise due care or to take the proper precautions for his own safety after said deceased, a truck driver by profession, had driven his vehicle into the cornfield and failed to exercise due care for his own safety in alighting from said vehicle and approaching the electric light wires." It is the contention of defendant that the court should have enumerated the three specifications of contributory negligence set forth in an amendment to his amended answer. From an examination of the specifications of contributory negligence, it is readily apparent that they are three different allegations of the same act, to wit, the failure to look for and avoid the electric light wires after being warned of their presence by a bright flash at the time decedent's truck broke off the power pole and caused the electric wires to sag near the ground. The court properly submitted the issue of contributory negligence. It is not required to submit repetitious allegations of the same act of negligence. Defendant's assignment of error as to instruction No. 2 is without merit.

Instruction No. 5 informed the jury that the burden of proving contributory negligence was upon the defendant. Defendant's assignment of error is that in failing to mention the specifications of contributory negligence mentioned in our discussion of instruction No. 2, he was prejudiced. Since the court properly submitted the issue of contributory negligence, as we have heretofore stated, instruction No. 5 was in all respects proper. This assignment of error is without merit.

Complaint is made as to the correctness of instruction No. 6. By that instruction the court defined contributory negligence as follows: "By 'contributory negligence' is meant any negligence of the plaintiff's decedent directly and proximately contributing to cause the accident." Defendant urges that this is misleading in

its application to the present case in that the jury would tend to apply it only to the collision of the trucks and not to the decedent's alleged contributory negligence in walking into the electric light wires. The instruction applied to "any negligence" of plaintiff's decedent. The jury could not have been mislead in the respects claimed by the defendant. The instruction correctly stated the law. If defendant desired that its application be made more clear as it related to the facts in the case being tried, he should have requested a more specific instruction. Not having done so, he is in no position to complain.

Defendant complains of instructions Nos. 14 and 17 in that they permitted the jury to consider the value of services contributed to the widow, such as caring for the garden, maintaining the home, and assisting in supervising and raising the child, when there is no evidence of their monetary value in the record. In the decision on the former appeal we quoted Moses v. Mathews, 95 Neb. 672, 146 N. W. 920, Ann. Cas. 1915A 698, with approval. We there said: "In an action to recover for the loss to a husband of the services of a wife, it is not essential that the exact money value per day, week or month, of her services be proved with mathematical certainty. If the wife is able to perform ordinary household duties, the lack of such services constitutes an element of damages. Ordinarily, the matter must be left to the good judgment and ordinary common sense of the jurors, considering the circumstances of each case, and, unless the verdict is manifestly unjust and excessive, it will not' be disturbed on appeal." There being no special services involved, concerning the value of which a jury might not be expected to have general knowledge, we think the issue was submitted in accordance with the holdings of this court.

The jury returned a verdict for plaintiff in the amount of $46,165. Defendant contends that this amount is excessive. The deceased husband and father was 29 years of age at the time of his death. Mildred Kroeger, his

wife, was 31 years of age, and Diana Susan, the daughter, was 5 years of age. It was shown by recognized expectancy tables that the deceased had a life expectancy of 38 years. The evidence shows that at the time of his death the deceased was earning an average salary of $122 per week. He was a strong man and a willing worker, as was indicated by his past history. The jury was entitled to determine the earning capacity of the deceased, his life expectancy at the time of his death, the ages and expectancies of the next of kin, the monetary loss they sustained by the death of decedent, and the purchasing power of money, the interest it would earn, and its present value. We must assume that proper consideration was given to these matters and, if it was, the verdict returned is clearly within the limits permitted by the evidence. Before this court can properly determine a verdict to be excessive, the evidence must disclose that it can be accounted for only on the basis of passion and prejudice on the part of the jury. Where the verdict is sustained by ample evidence of the pecuniary loss sustained by the wife and next of kin, it would amount to an invasion of the province of the jury for this court to interfere. Crecelius v. Gamble-Skogmo, Inc., 144 Neb. 394, 13 N. W. 2d 627; Tate v. Barry, 144 Neb. 517, 13 N. W. 2d 879. We think the evidence was sufficient to sustain the verdict.

There being no prejudicial error in the record, the judgment of the district court is affirmed.

AFFIRMED.